ALBERT B. CLAMPET *vs.* A. J. BELLS.

October 9, 1888.

**Vendor and Purchaser—Statute of Frauds—Memorandum—Designa-**
**tion of Vendor.**—In order to satisfy the requirements of Gen. St. 1878,
*c.* 41, § 12, the contract or note or memorandum thereof, which must be
signed by the vendor, or his agent, must not only contain a sufficient de-
scription of the subject of the sale, with a statement of the price agreed
upon, but in that, or some other properly signed paper, the vendor must
be so designated that he can be identified without parol proof.

Action to determine adverse claims, brought in the district court
for Hennepin county. Counterclaim for specific performance of an
alleged contract which is set forth in the opinion. Trial by *Young,*
J., and judgment ordered for plaintiff, who appeals from an order
granting a new trial.

*J. M. Shaw* and *A. D. Polk,* for appellant.

*A. B. Jackson,* for respondent.

COLLINS, J. The only question for determination in this case is
the sufficiency of the writing, made a part of the answer, under the
statute of frauds in this state, (Gen. St. 1878, *c.* 41, § 12,) as it stood
before the amendment of 1887; the objection to it being that plain-
tiff's name does not appear in it, and that this omission cannot be
supplied by parol. The writing is as follows, (so far as material:)

"EXHIBIT A.

"MINNEAPOLIS, MINN., Oct. 14, 1886.

"Received of A. J. Bells one hundred dollars, as earnest-money and
in part-payment for the purchase of the following described property,
situate in Hennepin county, state of Minnesota, to wit: One, (1,)
two, (2,) three, (3,) four, (4,) six, (6,) and seven, (7,) in block eighty-
four, (84,) in Remington's 2d addition to Minneapolis, according to
the plat of same now on file with recorder of deeds in and for said
Hennepin county, which we have this day, as authorized agents, sold
and agreed to convey to said A. J. Bells for the sum of thirty-six

hundred dollars, ($3,600,) on terms as follows, to wit: One hundred dollars, cash in hand, receipted above, and seventeen hundred dollars within sixty days, and upon tender of satisfactory abstract of title and duly-executed warranty deed. Balance of consideration to consist of a mortgage for eighteen hundred, at 8 per cent. interest, and due in one year, to be a specific lien upon each lot. And it is agreed that if the title to said premises is not good within sixty days from date hereof, this agreement shall be void, and the above one hundred dollars refunded. But if the title to said premises is good, and not taken, the said one hundred dollars is to be forfeited. But it is agreed and understood, by all parties to this agreement, that said forfeiture shall in no way affect the rights of either party to enforce the specific performance of this contract. A. J. BELLS. [Seal.]

"POTTER & THOMPSON, Agents.

"In presence of

"CHAS. ROBINSON,
"F. N. HENDRIC, } To A. J. B.

"F. C. BROOKS,
"W. N. DONALDSON, } As to Potter & Thompson."

The statute of frauds in force when this paper was executed, section 12, *supra*, seems to be plain and easily comprehended. It simply requires that contracts of this character and importance, or some note or memorandum thereof, shall be in writing; that the consideration shall be expressed; and that they must be subscribed by the party by whom the sale is made, or by his agent. But, notwithstanding this apparently unambiguous language, controversies over the sufficiency of contracts for the sale of land, or of some interest therein, are frequent, and seemingly never ending. Their essentials are the matter of much strife and litigation. The objection made to the one at bar is that the vendor's name nowhere appears in it, and, to sustain his defence, the defendant must be permitted to show by parol testimony for whom Potter & Thompson acted when making the sale and signing the exhibit. He must be allowed to make oral proof of the names of one of the alleged parties to the agreement. If the vendor's name can thus be ascertained, it follows that the vendee's may, and we see no reason why both could not be supplied in the

same manner, and, for the same reason, the subject-matter of the bargain. The statute specifically prescribes a writing, an expressed consideration and a subscribing,—an outline only of what is demanded. But it undoubtedly exacts a contract, or a note or a memorandum of a contract, and is not complied with if there be none, although we may have an expressed consideration in writing, duly signed. To make a contract in writing, there certainly must be parties named or designated,—one who sells and who must subscribe to the agreement, as well as one who buys. There must be a subject of the sale so well described as to be known and identified. The price must be named. All of the essential requirements of a contract are indispensable. In this case we have no means of determining who was the owner who agreed to sell, except through parol proof, extraneous to the instrument. So far as we are able to discover from its inspection, the plaintiff is not the vendor, nor in any degree bound by its terms; nor is any other person. It is defective in this particular, and cannot be upheld as a contract. There are many well-discussed cases in which it is plainly stated that an omission of this character may be supplied by parol testimony; but the majority of this court are of the opinion that the better reasoning is found (in support of the position here taken) in *Grafton* v. *Cummings*, 99 U. S. 100; *Board of Com'rs.* v. *Shipley*, 77 Ind. 553; *Nichols* v. *Johnson*, 10 Conn. 192; *Mayer* v. *Adrian*, 77 N. C. 83; *Lang* v. *Henry*, 54 N. H. 57; *Farwell* v. *Lowther*, 18 Ill. 252. It must be understood that the liability of an undisclosed principal upon an agreement which, on its face, is the agreement of another person, or the right of such principal to claim the benefit thereof, is not involved here. In this case, upon the face of the memorandum, no one is bound to sell or convey.

Order reversed.