JOSEPH G. HUFFMAN vs. CHARLES A. LONG.

May 14, 1889.

Fraud—Representation by Vendor that he is Merely an Agent.—In a sale of property, where it is immaterial to the purchaser who the owner is, it is not a fraud upon him for the seller to represent himself as agent for an undiscovered owner, when in fact he is himself the owner.

Appeal by plaintiff from orders of the district court for St. Louis county, *Stearns*, J., presiding, (1) refusing a new trial, and (2) dissolving an attachment.

*White & Hewit*, for appellant.

*Wm. W. Billson*, for respondent.

GILFILLAN, C. J. The plaintiff applied to one Jacoby to purchase for him, or assist him in purchasing, real estate in Duluth; and Jacoby thereupon applied to defendant (who was then in the employment of C. H. Graves & Co., real-estate brokers) for a list of property, with prices. The defendant thereupon, by letter, furnished him such list, with prices, and in the letter made such commendation of the property as to values and the probability of increase in values as one endeavoring to sell real estate may be expected to make. Plaintiff finally purchased certain of the lots in said list. The title was in the "Lakeside Land Company," which had executed a written contract to convey the lots to George Long, defendant's father. Plaintiff's purchase was consummated as between him and defendant by an assignment by George Long to plaintiff of the written contract to convey; and pursuant to such contract the Lakeside Land Company conveyed the lots to plaintiff. The prices at which defendant sold to plaintiff were about $4,000 in advance of the prices at which the company had agreed to convey to George Long, and, as plaintiff alleges, largely in advance of the market values of the lots. The defendant was really the owner of the contract to convey made by the land company, the name of George Long as purchaser being inserted therein at his request and for his convenience, and it was held by George Long for his use, who was the owner of the land; and

that defendant had any interest in it, and that in negotiating the sale to plaintiff he was acting in his own behalf, were not disclosed to plaintiff, nor were any questions asked on those points. The action is in the nature of one for rescission of the sale, the plaintiff demanding as relief that, upon his conveying the property to defendant, he recover from the latter the price paid for it. The plaintiff, at the trial, having introduced evidence proving the foregoing facts, the court, on defendant's motion, ordered judgment for the defendant. There was a motion for a new trial, and from an order denying it an appeal was taken. There is also an appeal from an order vacating an attachment issued at the instance of plaintiff.

There was no evidence tending to show that it was material who was the owner of the property purchased. It is conceded by appellant that it was not material. But appellant claims that from the silence and from the letters of defendant he had a right to understand, and did understand, that in the sale to him the latter was acting, not in his own behalf as principal, but as agent for an undisclosed principal, and that the giving him to understand that made the transaction fraudulent. If defendant had represented that he was acting as agent for some one else, (inasmuch as it was immaterial who owned the property,) it could not have operated as a fraud on appellant. That would not have made the relations between the parties confidential. They were equally opposed to each other whether defendant was acting on his own behalf or as the representative of some other person. Had he acted as agent for another, appellant could not have expected anything from him that he could not have expected from the owner. He would have had no right to rely on the opinions of either as to the prices or values of the property.

Orders affirmed.