WASHINGTON LIFE INS. CO. *vs.* WILLIAM R. MARSHALL *et al.*

Argued Jan. 5, 1894.   Affirmed Jan. 18, 1894.

No. 8475.

**A collateral liability for a debt not merged in, or barred by a judgment foreclosing a mortgage security.**

Where the grantee of mortgaged premises, as a consideration for the conveyance to him, assumes and agrees to pay the mortgage indebtedness, his obligation is collateral to the mortgage and obligation of the mortgagee, and is not merged in a foreclosure of the mortgage by action to which he is made a party, but in which no attempt is made to proceed against him on his said personal liability.

**A deed without title is a sufficient consideration for a promise.**

A deed purporting to convey real property, even when without covenants of warranty, at least when no mistake or imposition appears in the transaction, is sufficient consideration for a promise by the grantee to pay a consideration therefor, even though there was no title in the grantor.

Appeal by defendants, William R. Marshall and Edward R. Gilman, from an order of the District Court of Ramsey County, *James J. Egan*, J., made August 14, 1893, overruling their demurrer to the complaint.

On November 26, 1888, Henry W. Frost and wife mortgaged to the plaintiff, the Washington Life Insurance Company, a lot on Fifth Avenue in the city of New York to secure the payment of his bond to it for $15,000 and interest due December 1, 1889. Frost and wife conveyed the lot November 27, 1888, to defendant Gillman subject to the mortgage and recited in the deed that he had assumed and agreed to pay the mortgage debt as a part of the consideration. On February 1, 1889, Gilman conveyed the lot to defendant Marshall subject to the mortgage and also recited in his deed that Marshall assumed and agreed to pay the mortgage debt as a part of the consideration. (See *Marshall* v. *Gilman*, 47 Minn. 131; 52 Minn. 88.) The deeds were severally accepted by the grantees and recorded. The debt fell due and was not paid. On March 14, 1890, plaintiff commenced an action in the Supreme Court of New York against

Frost, Gilman and Marshall, to foreclose the mortgage and obtained judgment June 20, 1890, directing the sale of the lot and the application of the proceeds to the payment of the bond. The lot was sold July 22, 1890, for $14,000 and the sale was confirmed. After paying taxes, costs and disbursements, $13,210.96 was applied on the debt. This action was commenced May 23, 1893, against Marshall and Gillman upon the collateral promise of each, recited in the deeds, to recover the deficiency, $2,675.43 and interest from July 26, 1890. The defendants demurred to the complaint and specified as the ground of objection that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and defendants appeal.

*John M. Gilman, Robertson Howard, H. S. Cole, W. G. DeCelle,* and *Stevens, O'Brien & Glenn,* for appellants.

A judgment for a sale of the property, and for any deficiency that may arise after such sale, rendered against all of the defendants, will merge any right of action against the defendants on their covenants to pay the debt. *Ault* v. *Zehering,* 38 Ind. 429; *Bank of N. Am.* v. *Wheeler,* 28 Conn. 433; *Hogg* v. *Charlton,* 25 Pa. St. 200; *Barnes* v. *Gibbs,* 31 N. J. Law, 317; *Baxley* v. *Linah,* 16 Pa. St. 241; *Lapham* v. *Briggs,* 27 Vt. 26; *McGilvray* v. *Avery,* 30 Vt. 538; *Rogers* v. *Odell,* 39 N. H. 452; *Bank of U. S.* v. *Merchants Bank,* 7 Gill. 415.

The presumption is that a personal judgment, finally settling the rights and liabilities of all the parties to the suit was rendered by the New York Supreme Court, and it is conclusive, and the agreements to pay the debt are merged in that judgment and no action can be now maintained, except upon that judgment. *Gunn* v. *Peakes,* 36 Minn. 177; *Cone* v. *Hooper,* 18 Minn. 531; *Holmes* v. *Campbell,* 12 Minn. 221; *Behrley* v. *Behrley,* 93 Ind. 255; *Monette* v. *Cratt,* 7 Minn. 234; *Pringle* v. *Woolworth,* 90 N. Y. 502; *Rea* v. *Hurlbert,* 17 Ill. 572; *Specklemeyer* v. *Dailcy,* 23 Neb. 101.

When a suit to foreclose a mortgage on real estate is brought in New York all parties who are liable for the payment of the debt secured by the mortgage are made defendants. The judgment directs a sale of the property and the payment by defendants of any

residue of the debt unsatisfied by the sale. New York Code of Civil Procedure, § 1627; *Wager* v. *Link*, 134 N. Y. 122; *Morris* v. *Morange*, 38 N. Y. 172; *Herber* v. *Christopherson*, 30 Minn. 395; *Dodge* v. *Allis*, 27 Minn. 376; *Moor* v. *Shaw*, 15 Hun 429; *Schofield* v. *Doscher*, 72 N. Y. 491; *Vanderbilt* v. *Schreyer*, 91 N. Y. 392.

If the Court cannot take judicial notice of the law of New York, to ascertain what effect to attribute to the judgment rendered by the New York Supreme Court, it will presume, in the absence of any allegation to the contrary, that the New York law is the same as the law of Minnesota, and will give the same effect to that judgment that it would give to a judgment rendered by a Court of this state under the same circumstances. *Brimhall* v. *Van Campen*, 8 Minn. 13; *Cooper* v. *Reaney*, 4 Minn. 528; *Thompson* v. *Bickford*, 19 Minn. 17.

Where a complaint states facts constituting a cause of action, but also states facts which constitute a defense, or shows that the action cannot be maintained, it must be held bad on a demurrer. *Behrley* v. *Behrley*, 93 Ind. 255; *Calvo* v. *Davies*, 73 N. Y. 211; *Monette* v. *Cratt*, 7 Minn. 234.

The complaint does not allege that Henry W. Frost, who executed the bond and mortgage, and subsequently deeded to Gilman, was the owner of such property or had any title thereto at any time. Gilman's promise is alleged to have been made in consideration of the transfer of the property to him, and unless Frost owned the property transferred there was no consideration whatever for his covenant to pay the mortgage debt. If Gilman obtained no title from Frost his deed carried nothing to Marshall, and the latter's promise to Gilman was without consideration also. *Dunning* v. *Leavitt*, 85 N. Y. 30; *Loeb* v. *Willis*, 100 N. Y. 231; *Crowe* v. *Lewin*, 95 N. Y. 423; *Maxfield* v. *Schwarz*, 45 Minn. 150; *Rogers* v. *Castle*, 51 Minn. 428.

*Henry B. Wenzell* and *Francis B. Tiffany*, for respondent.

It is not alleged in the complaint, as is misstated in defendant's brief, that a deficiency judgment was asked for or given in the foreclosure suit. A suit at law may be maintained for a deficiency after

a sale under a decree in equity, if the plaintiff has not taken a judgment in the foreclosure suit for such deficiency. *Belmont* v. *Cornen,* 48 Conn. 338; *Globe Ins. Co.* v. *Lansing,* 5 Cow. 380; *Lansing* v. *Goelet,* 9 Cow. 346; *Stevens* v. *Dufour,* 1 Blackf. 387; *Watson* v. *Hawkins,* 60 Mo. 550.

The same rule applies to an action against subsequent grantees of the mortgaged premises who have assumed the mortgage. *New York Life Ins. Co.* v. *Aitkin,* 125 N. Y. 660.

It is a complete answer to the claim of merger that the present action is brought upon the defendants' covenants and that the New York action was merely an action to foreclose the mortgage, and that the only judgment therein rendered was a judgment of foreclosure and sale. The Court will not infer facts that are not stated in the complaint. *Biron* v. *Board of Water Com'rs,* 41 Minn. 519; *Taylor* v. *Blake,* 11 Minn. 255.

In a suit for foreclosure of a mortgage, not seeking personal judgment, service by publication is allowed by statute and is sufficient to give jurisdiction, but no personal judgment can be rendered on such a service. *Martin* v. *Pond,* 30 Fed. Rep. 15; *Schwinger* v. *Hickok,* 53 N. Y. 280; *Pennoyer* v. *Neff,* 95 U. S. 714.

Foreign laws, whether resting in statute or decision, must be proved like other facts. 1878 G. S. ch. 73, §§ 58, 59; *Njus* v. *Chicago, M. & St. P. Ry. Co.,* 47 Minn. 92; *Thompson-Houston Elec. Co.* v. *Palmer,* 52 Minn. 174; *Hanley* v. *Donoghue,* 116 U. S. 1; *Chicago & A. R. Co.* v. *Wiggins F. Co.,* 119 U. S. 615; *Huntington* v. *Attrill,* 146 U. S. 657; *Van Cleaf* v. *Burns,* 118 N. Y. 549; *Mowry* v. *Chase,* 100 Mass. 79; *Van Buskirk* v. *Mulock,* 18 N. J. Law, 184.

As this Court will not take judicial notice of the laws of New York, it is unnecessary to consider the defendants' argument, based upon an attempted construction of New York Code of Civil Procedure, §§ 1627, 1628.

In the absence of proof as to what the common law is in New York the Court will presume it to be the same as the law of this state. *Mohr* v. *Miesen,* 47 Minn. 228; *Herrick* v. *Minneapolis & St. L. Ry. Co.,* 31 Minn. 11. The same presumption does not extend to the statute law in force in that state. *Reiff* v. *Bakken,* 36 Minn.

333; *Brimhall* v. *Van Campen*, 8 Minn. 13; *Hull* v. *Augustine*, 23 Wis. 383; *Ellis* v. *Maxson*, 19 Mich. 186; *Van Cleaf* v. *Burns*, 118 N. Y. 549; *Leonard* v. *Columbian S. N. Co.*, 84 N. Y. 48; *Slingerland* v. *Sherer*, 46 Minn. 422.

The complaint alleges that Frost by deed conveyed the premises to Gilman, and that the deed was delivered to and accepted by Gilman. The allegations in respect to the conveyance by Gilman to Marshall are the same. That Frost and Gilman had title respectively appears from the allegations that they conveyed the premises. To convey is to transfer the title from one person to another. *Brunswick B. C. Co.* v. *Brackett*, 37 Minn. 58.

The delivery of a deed not shown to contain any covenants is a consideration. Rawle, Covenants (5th Ed.) § 327; *Dunning* v. *Leavitt*, 85 N. Y. 30.

CANTY, J. This is an appeal from an order overruling a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges that one Frost conveyed to this plaintiff, by mortgage, certain real estate in New York city, to secure his bond to plaintiff in the sum of $15,000; that thereafter Frost, by his deed in writing, conveyed said mortgaged premises to the defendant Gilman, who, as a part of the consideration therefor, in and by said deed assumed and agreed to pay said mortgage; that thereafter Gilman, by his deed, conveyed the premises to the defendant Marshall, who, as a part of the consideration therefor, in and by said deed assumed and agreed to pay said mortgage; that thereafter this plaintiff commenced an action in the supreme court in the state of New York to foreclose said mortgage, and such proceedings were thereupon had that thereafter, on the 20th of June, 1890, the judgment of that court "was duly given against the defendants herein, and the hereinbefore described premises ordered sold;" that under said judgment the premises were sold for $14,000, and "out of the proceeds of said sale the sum of $13,210.96 was paid to the plaintiff on account of the principal and interest due on said mortgage and bond," and a report of the sale, showing a deficiency amounting to $2,674.43, was made to said court, and by it duly approved and affirmed.

1. The complaint does not allege that any amount was adjudged by said judgment to be due, or that any judgment was given for any deficiency, except as above stated. The defendants claim that this deprives the plaintiff of the right to proceed in a subsequent action to recover the deficiency from them. We are of the opinion that it does not. It is not necessary here to pass on what the effect of such a judgment would be on the personal liability of the mortgagor when proceeded against in a subsequent suit, or what effect the statute of New York would have on that question, or whether we should take judicial notice of those statutes. The obligation of these defendants is collateral to the original mortgage indebtedness; and the mortgagee need not accept the security of that liability, or sue upon the same, until he sees fit to do so. It is not merged in such a judgment of foreclosure.

2. The other point raised by the defendants is that, as the complaint does not allege that Frost was the owner of the mortgaged premises, it does not appear that anything was conveyed to the defendants by the deeds to them, and that, therefore, there is no consideration for the covenants on their part in those deeds to pay the mortgage indebtedness. This omission in the complaint is not to be commended; but a deed, even when without covenants of warranty, at least when no mistake or imposition appears, is sufficient consideration for a promise by the grantee to pay a consideration therefor, even though there may be no title in the grantor.

We think the order appealed from should be affirmed. So ordered.

(Opinion published 57 N. W. Rep. 658.)

Application for reargument denied Jan. 29, 1894.