WILLIAM B. MITCHELL vs. ALEXANDER CHISHOLM.

Argued by appellant, submitted on brief by respondent, April 18, 1894. Reversed May 4, 1894.

No. 8686.

**Former erroneous judgment between the same parties conclusive in a new action.**

Plaintiff made a bond for deed conditioned to convey to defendant the land in controversy by a quitclaim deed in fee simple, and the defendant gave his notes for the purchase money. In an action afterwards brought by plaintiff against defendant on one of the notes, defendant answered that plaintiff had no title to the land, and could not and would not convey the land to him in fee simple, and that the note was without consideration. On a trial on the merits, the court below ordered judgment for defendant, and judgment was so entered. Plaintiff then brought ejectment against defendant for the possession of the land, and the defendant, as a defense, pleaded the judgment in the former action. *Held*, that whether or not the answer in the former action stated any defense, and whether

or not defendant should have had judgment, it was conclusive between the parties that plaintiff had no title, that the contract required him to make title, that there was no consideration for the note given for the purchase price, and that the contract was in effect rescinded, and that, on surrendering possession, defendant was entitled to recover the part of the purchase price already paid.

**Estoppel by contract.**

That, notwithstanding that judgment, defendant is estopped in the ejectment action from denying plaintiff's title or setting up as a defense a paramount title acquired since he went into possession under the bond for deed.

Appeal by plaintiff, William B. Mitchell, from an order of the District Court of Stearns County, *L. L. Baxter*, J., made June 24, 1893, denying his motion for a new trial.

The plaintiff acquired tax titles to the east half of the northeast quarter of section eight (8), T. 122, R. 32, in Stearns County. One was based on the taxes delinquent prior to 1873. Another was on the taxes of that year and a third was on the taxes for the year 1877. Tax judgments were entered for each tax and the land sold and bid in for the state and the certificate assigned to the plaintiff. On July 21, 1880, plaintiff sold the land to defendant, Alexander Chisholm for $400, took his five promissory notes for the amount, and gave him a bond in the penal sum of $400 with the condition that if he (Mitchell) should make, execute and deliver to Chisholm a good and sufficient quitclaim deed of the land in fee simple free from all incumbrances except subsequent taxes, upon being paid $400 according to the terms of the notes, then the obligation to be null and void, otherwise of force. Chisholm went into possession and paid three of the notes. He then refused to pay the note for $100 next to fall due, claiming that plaintiff's tax titles were invalid for irregularities and defects in the tax judgments and sales. Chisholm then bought in and obtained the patent title from a third party and refused to surrender possession of the land. Mitchell brought an action in June, 1884, on the note for $100 and Chisholm defended on the ground that Mitchell's tax titles were void and the note without consideration. A jury was waived and the evidence heard. The court without making any findings of fact ordered that defendant have judgment for his costs and disbursements, and in a note attached to the order said that the at-

torneys in the action agree that findings are unnecessary. Judgment was entered in that action February 20, 1888, pursuant to the order.

The plaintiff afterwards in April, 1892, commenced the present action of ejectment against Chisholm to recover possession of the land. The defendant for answer stated all the previous proceedings including the defects in plaintiff's tax titles, and set forth his patent title and the judgment roll in the former action on the note, and attached a copy of the bond given him by plaintiff, and asked that plaintiff be enjoined from making any further claim to the land. The plaintiff replied and the issues were tried January 27, 1893, before the court without a jury. Findings were made that defendant is in possession of the land and withholds it from plaintiff and that each and every other allegation in the complaint is not sustained by the evidence, and directing judgment that the plaintiff take nothing because the tax judgments on which his title rests are void for want of jurisdiction. Plaintiff moved for a new trial on the ground that the decision is not justified by the evidence. The application was refused and plaintiff appeals.

*George W. Stewart,* for appellant.

The plaintiff was entitled to judgment by reason of the estoppel which the matter set up in the answer worked against the defendant. The answer concedes that the defendant entered into possession under the bond. When a person enters into the possession of lands as a vendee under an executory contract of purchase and neglects to pay the purchase money or otherwise fails to comply with the terms of the contract, and the vendor brings ejectment against him for the recovery of the possession of the lands, he cannot dispute the title of his vendor, either by setting up an adverse title acquired, or an outstanding title in a third person. *Jackson* v. *Harter,* 14 Johns. 224; *Lesher* v. *Sherwin,* 86 Ill. 420; *Hill* v. *Winn,* 60 Ga. 337; *Jackson* v. *McGinness,* 14 Pa. St. 331; *Bush* v. *Marshall,* 6 How. 284; *Hicks* v. *Lovell,* 64 Cal. 14; *Graves* v. *White,* 87 N. Y. 463; *Quinn* v. *Quinn,* 27 Wis. 168; *Miller* v. *Larson,* 17 Wis. 624; *Hermans* v. *Schmaltz,* 7 Fed. Rep. 566; *Farmer* v. *Pickens,* 83 N. C. 549; *Johnson* v. *Spear,* 7 Wend. 401; *Wallace* v. *Maples,* 79 Cal. 433.

One who enters into possession of real property under an executory contract for the purchase of the same is a mere licensee, and he cannot hold adversely to his vendor until he has performed all of the conditions in the contract on his part. *Berry* v. *Stewart,* 22 Ala. 207; *Matter of Department of Parks,* 73 N. Y. 560; *Devyr* v. *Schaefer,* 55 N. Y. 446.

When a vendee is in possession of real property under an executory contract and fails to comply with the conditions of the contract and is made defendant in an action of ejectment brought against him by the vendor, he is estopped from disputing his vendor's title and from setting up an outstanding title in a third person to defeat its recovery. *Robertson* v. *Pickrell,* 109 U. S. 608; *Gilliam* v. *Bird,* 8 Ired. 280.

If the vendee is not content with the title offered him he must surrender possession of the land to his vendor. *Viele* v. *Troy & B. R. Co.,* 20 N. Y. 184; *Jackson* v. *McGinness,* 14 Pa. St. 331; *Biggle* v. *Boulden,* 48 Wis. 477.

*Taylor, Calhoun & Rhodes,* for respondent.

The question of title is *res judicata* between plaintiff and defendant. They made a contract for the sale from plaintiff to defendant of the land in controversy. Defendant executed to plaintiff his promissory notes for the purchase money and subsequently paid a portion of the notes. Afterwards learning that plaintiff had no title, he refused to pay the remainder of the notes. Plaintiff brought suit on one of the notes. Defendant answered that the only consideration for the note was the purchase price of this land; that plaintiff had no title and could convey none, and that the consideration had wholly failed. Plaintiff replied averring that he was the owner of the land and setting out as his title the identical tax titles relied upon in this case. That action was tried and a judgment entered on the merits. The only issue was as to plaintiff's title. That was the only question determined. The judgment in that action precludes an examination of the question of title in this action. *Doyle* v. *Hallam,* 21 Minn. 515; *Bazille* v. *Murray,* 40 Minn. 48.

The record in the action on the promissory note shows that it was plaintiff and not defendant who was in default. Chisholm tendered the full amount due and demanded a conveyance of the title. Mitchell offered simply a quitclaim deed without having title other than under the void tax deeds. He was required to convey good title. *Donlon* v. *Evans*, 40 Minn. 501; *Drake* v. *Barton*, 18 Minn. 462; *Gregory* v. *Christian*, 42 Minn. 304; *George* v. *Conhaim*, 38 Minn. 338.

A vendee in possession may buy an outstanding title to the premises and assert it against his vendors; otherwise, it might be asserted by the owner or a stranger might buy it and it would be lost to both. The only controversy which ought to arise between him and the vendor respects the payment of the purchase money. How far he may be bound to this by law or by the obligations of good faith is a question depending on all the circumstances of the case, and in deciding it all those circumstances are examinable. *Green* v. *Dietrich*, 114 Ill. 636; *Blight's Lessee* v. *Rochester*, 7 Wheat. 535; *Watkins* v. *Holman's Lessees*, 16 Pet. 25; *Boone* v. *Chiles*, 10 Pet. 177; *Green* v. *Couse*, 127 N. Y. 386.

CANTY, J. In July, 1880, plaintiff made to defendant, Chisholm, a bond for a deed of the land in dispute, conditioned that plaintiff would convey this land to Chisholm by "quitclaim deed in fee simple," on being paid the sum of $400, for which Chisholm made to plaintiff five promissory notes, due at different dates. In April, 1884, plaintiff commenced an action in the District Court against defendant for the recovery of the amount due on the fourth note. The defendant answered, alleging that the only consideration for this note was the bond for deed, and that plaintiff never had any title to the land; that he purchased believing that plaintiff had title, and paid the first three notes; that he tendered to plaintiff the amount of the other two notes, the one in suit and the last one due, as a full performance of the contract on his part, and demanded that plaintiff convey the land to him in fee simple, but defendant refused to do so, or do anything but execute to defendant a quitclaim deed of the land, which defendant refused to accept. The plaintiff replied, admitting the making of the bond, the receiving of the

notes, the payment of the first three, and alleged that he had title to the land. On these issues the case was tried by the court without a jury in July, 1887, and the court "ordered that said defendant have judgment for his costs and disbursements." The court made no findings of fact, but stated in a footnote that the attorneys agreed that findings were unnecessary. On February 20, 1888, judgment was entered for defendant, pursuant to this order.

This is an action of ejectment commenced in 1892 for the recovery of the possession of the premises. The defendant answered, admitting that he is in possession, and pleaded all of the foregoing facts as a bar to this action. On the trial in the court below, without a jury, the court found that defendant is in possession, and that all of the other allegations of plaintiff's complaint are untrue, and ordered judgment for defendant, and, from an order denying a motion for a new trial, plaintiff appeals.

We will first consider what effect the judgment in the former action had on the rights of the parties in this action. No evidence was given in this suit of what the controversy was in that suit, except what appears from the pleadings and order for judgment. In the absence of fraud, an agreement to execute and deliver a quitclaim deed is a sufficient consideration for a promissory note. *Washington Life Ins. Co.* v. *Marshall*, 56 Minn. 250, (57 N. W. 658.) While the agreement was to convey the premises in fee simple, free of incumbrance, yet there were to be no covenants of warranty, and, while it is probable that the answer in that suit stated no defense whatever, the court must have held that it did, and must have found that plaintiff had no title to the land, and held that defendant was not estopped from making this defense, though he went into possession under the bond for deed, and that there was no consideration for the notes. It has sometimes been held, where the pleadings are as general and indefinite as they may be under some of the common-law forms, that the pleadings and verdict alone are not sufficient from which to determine what the exact controversy between the parties was, but this does not apply where the pleadings are as special and the allegations as specific as they are in that case. Again, it has often been held that, where some of the allegations or counts in an answer are good and others are bad, it will not be presumed that the defendant prevailed

on the bad counts or allegations, but this rule does not apply where there is but one count in the answer, and all the allegations in it are bad. If it sufficiently appears on what points the defendant prevailed, and he prevailed on the merits, whether right or wrong, the judgment in his favor is *res judicata* on these points.

It seems to us that, by reason of that judgment, it is now *res judicata* between these parties that the plaintiff had no title, that his contract required him to give the defendant a title, that there was no consideration for the notes given for the purchase price, that the contract between them was rescinded or at an end, and that, on surrendering possession, defendant was entitled to recover back the part of the purchase money already paid. But the defendant may be estopped from denying plaintiff's title in one kind of an action while he may not be in another.

The defendant now claims under a paramount title, acquired in 1883 or 1884, but it sufficiently appears that he went into possession of the premises three or four years before that, under this bond for deed. For this reason he is estopped, while he remains in possession, from denying the plaintiff's title, whether it is good or bad. Sedg. & W. Land Title, § 317. But while it must for this reason be held, for the purposes of this action, that defendant is estopped to deny the plaintiff's title, the court below has found that plaintiff has no title. This was error, for which a new trial must be granted.

Whether or not what was admitted by the pleadings in the former action sufficiently appears in this action,—that defendant paid plaintiff a part of the purchase price of the land,—we do not decide. Neither do we decide whether or not such payment gave him, as an equitable defense, the right to retain the possession until it is repaid, as decided in *Turner* v. *Marriott*, L. R. 3 Eq. 744. The court below made no findings on these matters, and for that rea son they are not properly before us.

The order appealed from is reversed, and a new trial granted.

Buck, J., absent, sick, took no part.

(Opinion published 58 N. W. 873.)

Application for reargument denied June 5, 1894.