PEOPLES CO-OPERATIVE STORE COMPANY v. M. E.
BLEGEN AND ANOTHER.[1]

April 17, 1924.

No. 23,885.

**Error to direct verdict for full amount claimed.**

1. The court directed a verdict for the whole amount the pur-
chaser of plaintiff's store, goods and assets was to pay therefor, with-
out proof that the outstanding liabilities of plaintiff which the pur-
chaser had assumed and agreed to pay were unpaid, or due, or that
payment had been demanded. *Held* error, since, under the contract
the fixed purchase price to be paid in cash was to be reduced by the
amount of said liabilities which the purchaser had agreed to pay
as demanded by the holders thereof. To entitle plaintiff to a verdict
in the full amount directed, it was not necessary to prove that it had
paid or been compelled to pay said liabilities, but it was necessary
to prove that they were past due and unpaid after demand.

**Proof of tender.**

2. Conclusive proof was made of tender of full performance of
the contract by plaintiff.

**Defendant guarantor could be sued jointly with purchaser.**

3. The defendant Tople, a party to the sales contract, was a guar-
antor of payment and not merely of indemnity against damage, and
could be sued jointly with the purchaser.

**Neither defendant entitled to directed verdict.**

4. Neither defendant was entitled to a directed verdict, for the
record in conclusive that more than $6,500 was due and payable in
cash when suit was brought.

Action in the district court for Pipestone county to recover $15,-
458.65 upon a contract. The case was tried before Nelson, J., who
at the close of the testimony denied defendants' motions for directed
verdicts and granted plaintiff's motion for a directed verdict for

[1]Reported in 198 N. W. 425.

$15,353.67. From orders denying their motions for new trials, defendants took separate appeals. Reversed.

*Johnson & Schaefer*, for appellants.

*J. V. Williams, Charles Dealy* and *Kerr & Richardson*, for respondent.

HOLT, J.

Plaintiff sued to recover the purchase price for property sold to the defendant Blegen, and payment guaranteed by defendant Tople. On motion the court directed the jury to return a verdict for plaintiff. Defendants separately appeal from the order denying a new trial.

The facts are these: Plaintiff, a corporation, owned and conducted a mercantile business at Ruthton, Minnesota. It also owned the building and lot where the business was carried on. Defendant Blegen was the manager. On May 31, 1922, a written contract for the sale of this business and property was made by plaintiff to Blegen. The instrument also contained a guaranty, Tople being the guarantor. Under the terms of this sales contract, appraisers were to fix the price to be paid for all the property sold. The provisions of the contract having a bearing upon the question presented by the appeal are these:

"The outstanding accounts payable and notes payable shall be assumed by the said party of the second part [Blegen] and the total amount thereof shall be deducted from the total of the resources of the said first party [plaintiff] and the balance shall be paid in to the company in cash or as hereinafter set forth on or before July 1st, 1922. * * * The said party Henry W. Tople hereby agrees that he will guarantee the faithful performance of this agreement and the terms thereof agreed to be performed and fulfilled by the said party of the second part. That he will guarantee the payment of the outstanding accounts and notes payable by the company as they are demanded by the creditors and in fact fully indemnify and hold harmless the said party of the first part from all liability from all claims against it. Possession of the said stock

of merchandise shall be delivered to said party of the second part when this agreement shall have been signed by the said Henry W. Tople and when the said stock of merchandise shall have been inventoried and from and after June 1, 1922, the accounts and business shall be kept separate and a complete cutoff of said business made on that day as the basis for arriving at the value of said business."

The appraisal fixed the price for the property and assets sold at $18,428.67. Upon this price Blegen paid $3,000 by turning back to plaintiff 15 shares of its stock. The outstanding liabilities against plaintiff which Blegen agreed to pay were $8,826.63. If he paid these, the amount should be deducted from the purchase price. The verdict was directed for $15,353.67, evidently on the theory that, since defendants had not proved the outstanding liabilities to have been paid, there was to be no deduction from the price on account of such liabilities. Had there been proof that such liabilities were due and unpaid after demand of payment, the verdict would have been correct with the possible exception that it should have been somewhat larger because of interest. There was no evidence concerning these outstanding accounts and liabilities, except that of Mr. Blegen, that some of the creditors, or owners of these accounts had made demand for payment.

This court, Justice Dibell and the writer not concurring, has reached the conclusion that it was incumbent on plaintiff to prove that there had been a demand for payment of each and every outstanding claim which Blegen had assumed to pay, that payment thereon was past due, and that it was unpaid before there could be a verdict for the amount directed.

To the dissenters the situation appears thus: This is an action to recover the purchase price for property sold and delivered more than 4 months prior to suit. The only controversy of merit is whether there should be a deduction of the price agreed on because of the provision in the contract as to the outstanding claims the purchaser agreed to assume and pay. The complaint alleged that these had not been paid. There is no dispute as to the amount being $8,826.63. The answer alleged a payment by 68 shares of stock at a

price of $6,982.92, and by defendants having "paid upon the outstanding notes, accounts and obligations of said plaintiff company, the sum of approximately four thousand dollars." Not a word is said in the answer about the balance not being past due or that demand for payment had not been made. There was no proof whatever by defendants that the 68 shares of stock had been tendered or delivered, or that one penny of the alleged $4,000 had been paid. The burden of proving payment is ordinarily upon the one who asserts that as a defense. Moreover, Blegen had previously to the purchase been the manager of the business. Presumably the books of account and everything pertaining to the business remained in his hands when he purchased. He as manager had incurred all the bills and accounts payable, was at all times in touch with the creditors and was in the best position to furnish proof as to what deductions, if any, from the fixed purchase price, should have been made at the time the suit was begun, or, for that matter, when it was tried. Plaintiff did not demand any payment until the latter part of October. The contract called for payment on July 1, and the outstanding accounts and bills payable antedated June 1. It is almost safe to assume that these were all past due in the latter part of October and that there had been a demand for payment. The defense upon this branch of the case does not appeal to us as honest or meritorious. The purchaser agreed to pay these accounts as part of the purchase price and it ought not to be material to him whether the payment is to the holders thereof or to plaintiff who is, in any event, liable to them. There has been no novation. There are authorities which seem to justify a recovery here without proof that plaintiff has paid or been called upon to pay any of the outstanding liabilities assumed by defendants. Dorrington v. Minnick, 15 Neb. 397, 19 N. W. 456; Lyle v. McCormick Harvesting Mach. Co. 108 Wis. 81, 84 N. W. 18, 51 L. R. A. 906.

We all think there is no merit in the contention that plaintiff has not performed in that the tender of the instruments transferring the title to the property was insufficient. The deed and bill of sale, together with the previous delivery of the property, were certainly

effective to transfer title as agreed. It was not necessary to a good tender that Blegen should have the documents in his hand. He was informed that the instruments were present ready for delivery. He admits that, though he denies that they were actually presented to him as testified to by plaintiff's officers. He did not question that plaintiff could then by the instruments it proffered transfer legal title, but for some invalid excuse, not now relied on, he refused to pay the purchase price or any part thereof, although there was then more than $6,500 due, besides the outstanding liabilities assumed.

The undertaking of Tople is more than that of an indemnitor. He guarantees the payment of the outstanding accounts and notes payable upon which plaintiff was liable on June 1, as demanded by the holders thereof. He is a party to the sales contract, and delivery of the property sold was made upon his executing the instrument, and not till then. It was therefore not necessary for plaintiff to prove payment by it of the liabilities Blegen had assumed in order to recover from Tople. Both could be joined in one suit. The case of First National Bank of Hibbing v. Schirmer, 134 Minn. 387, 159 N. W. 800, is here in point, and not Wyman, Partridge & Co. v. Bible, 150 Minn. 26, 184 N. W. 45, cited by appellant.

Neither defendant was entitled to a directed verdict, for upon this record there was more than $6,500 due plaintiff unconditionally.

For the reason that plaintiff failed to prove that the whole amount for which the verdict was directed was payable at the time the suit was brought, there must be a new trial.

That part of the order denying a new trial is reversed and a new trial is granted upon the sole issue of what amount of the liabilities of the seller assumed by the purchaser should be included in the verdict for plaintiff because not paid after due and payment had been requested by the creditor.

STONE, J. (concurring in result.)

I concur in the result, for to me it seems like a plain case of failure of proof as to the amount plaintiff was entitled to recover. It is true, ordinarily, that payment is a matter of defense. Here,

however, the defect of proof was not an omission to prove payment. It was rather failure of plaintiff to prove the amount to which it was entitled, an amount which the proof left unliquidated.

Blegen was under no obligation to pay creditors until the maturity of their demands. To the extent of the immature claims, if any, there was no right of recovery in any one, plaintiff or creditors. So far as the evidence shows, a very considerable portion of the claims assumed by Blegen may not have matured at the time of the trial. By the amount of such claims, whatever it may have been, plaintiff's claim was reduced—not by payment but because solely of the immaturity of the obligation.

Inasmuch as the amount of his claim and the fact of its maturity must be proven by plaintiff, there was, in my judgment, obvious error in directing a verdict for the full amount, whereas all that plaintiff was entitled to was the clear balance of the purchase price over and above the assumed liabilities, plus that portion of the latter which had matured and with respect to which Blegen had defaulted.