# KOHAGEN-MENDENHALL COMPANY v. JAMES JOYCE.[1]

December 21, 1945.

No. 34,049.

[1]Reported in 21 N. W. (2d) 232.

*Roderick Dunn,* for appellant.
*Lanners & Martini,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action on a promissory note dated September 29, 1941, due December 1, 1941, wherein defendant is the maker and plaintiff the payee. Defendant admitted execution of the note, but denied that it was supported by a valid consideration. The court made findings and ordered judgment for plaintiff, and from an order denying defendant's motion for amended findings or a new trial, this appeal is taken.

The note was executed and delivered by defendant to plaintiff as the purchase price of certain real estate in Duluth. At the time of its delivery, defendant received from plaintiff a written instrument signed by plaintiff acknowledging its receipt as purchase price of the real estate described therein. Said instrument recited the lot and block number of the property, but did not include the name of the plat or addition. The evidence established, however, that at the time of the delivery of the note the particular property sold to defendant was marked with defendant's name on a plat of the addition in plaintiff's office, and that shortly thereafter defendant, in connection with negotiations for the construction of a house thereon, executed a written instrument correctly describing the property by its street address.

On December 1, 1941, plaintiff had in its possession ready for delivery to defendant a Torrens title certificate and warranty deed conveying to defendant the property purchased. Prior thereto, relying on the sale, plaintiff had paid all taxes due on the property so that the deed might be recorded and the terms of the agreement complied with. Shortly after the due date of the note, plaintiff demanded payment of the note from defendant. Defendant said that he would not be able to pay the note at that time but would pay it shortly thereafter.

Subsequently, discovering that building costs exceeded his estimates, defendant abandoned the idea of constructing a home on the property and thereafter notified plaintiff that he would not pay the note or complete the transaction. At no time did he demand or inspect the certificate of title or the deed plaintiff had ready for him, although plaintiff informed him thereof. At the trial, plaintiff again tendered them to him in open court for delivery upon payment of the note. The tender was rejected by defendant. Title to the property was not in plaintiff, but the deed tendered had been made and executed by the registered owner thereof. Plaintiff was acting as agent for the owner, but such agency was not disclosed on the receipt. No evidence was presented that defendant looked to plaintiff only for the conveyance and contracted on the basis of the latter's responsibility.

It is defendant's contention that at the time the note was delivered he did not receive an earnest money contract or other valid instrument covering the terms of the agreement; hence, that the note was without consideration.

■ We are of the opinion that the evidence sustains the trial court's finding that a good and valid consideration supported the note. It is well settled that an executory contract for the conveyance of land is good consideration for a note. See, Latzke v. Albrecht, 113 Minn. 322, 129 N. W. 508; Washington L. Ins. Co. v. Marshall, 56 Minn. 250, 57 N. W. 658.

■ Here, the note in question, plus the receipt delivered therefor, constituted a sufficient memorandum of the transaction to satisfy the requirement of the statute of frauds, Minn. St. 1941, § 513.05 (Mason St. 1927, § 8460), which provides:

"Every contract for the leasing for a longer period than one year or for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party by whom the lease or sale is to be made, or by his lawful agent thereunto authorized in writing; and no such contract, when made

by an agent, shall be entitled to record unless the authority of such agent be also recorded."

While the description on the receipt was incomplete, it was sufficiently definite to lead to the identity and location of the property and to permit parol evidence to establish the exact description thereof. It has been held that such evidence is proper under such circumstances. Ham v. Johnson, 51 Minn. 105, 52 N. W. 1080; Tice v. Freeman, 30 Minn. 389, 15 N. W. 674. The rule is expressed in Swallow v. Strong, 83 Minn. 87, 93, 85 N. W. 942, 944, as follows:

"* * * It is not, however, essential that the land should be described with precision, if the writing is on its face an adequate guide to find it."

■ It is true that the owner of the premises did not execute the memorandum as vendor. It is also true that plaintiff was serving only in the capacity of agent for such owner. However, that fact did not appear upon the face of the instrument. Hence, under our previous decisions, there was a sufficient compliance with § 513.05 (§ 8460) to establish an enforceable contract. In Davidson v. Hurty, 116 Minn. 280, 283, 133 N. W. 862, 864, 39 L.R.A.(N.S.) 324, we held that, where an agent enters into a contract to sell real estate without disclosing that he is acting as agent and the purchaser deals with him as principal, a valid contract is made. Therein we stated:

"But it has generally been held that where the agent, acting in behalf of his undisclosed principal, has fully performed the contract, and performance has been accepted by the other party, although without knowledge of the undisclosed principal, the latter may maintain an action in his own name to recover the consideration for performance [citing Kelly v. Thuey, 143 Mo. 422, 45 S. W. 300] * * *.

"The rule excluding parol evidence to contradict or vary a written contract does not exclude parol evidence to show that a person named in a written contract, or signing the same, was the agent

of an undisclosed principal. * * * It is immaterial that the contract is required by the statute of frauds to be in writing. * * *

* * * * *

"It does not appear that defendant was induced to enter into the contract by any representation that Mr. Davidson [agent] was the owner, and the record fails to disclose evidence from which it might be inferred that defendant would have refused to make the contract of purchase direct with Mrs. Davidson [owner]."

This rule was reaffirmed in Unruh v. Roemer, 135 Minn. 127, 128, 160 N. W. 251, as follows:

"* * * It is settled in this state that an undisclosed principal may, notwithstanding this statute [§ 513.05 (§ 8460)], enforce specific performance of a contract to sell real estate, made in due form by an agent in his own name, although the agent was not authorized in writing to make the sale, and that parol evidence is admissible to prove the relation of principal and agent in such a case. * * * As applied to contracts within the statute of frauds, the rule * * * is an anomaly, but it is a well-settled rule. The theory of it is that * * * the contract binds those whom on its face it purports to bind, but shows that another also may enforce it by reason that the act of the agent is the act of the principal, and that this in no way alters, varies or contradicts the contract. * * *

"The principle * * * is limited in its application to cases where the personality of the contracting party is not important, and it is not applicable to a case where the defendant against whom enforcement is asked executed the contract in reliance on the belief or representation that the agent was the real party to it and would not have entered into such a contract with the principal. No such facts exist here."

See, also, Huffman v. Long, 40 Minn. 473, 42 N. W. 355. An article in 15 Minn. L. Rev. 250, comments on this doctrine as follows:

"* * * Contracts for the sale of land, falling within the statute of frauds may be divided into two classes: (1) where the instrument discloses an agency relation, but not the identity of the

principal, and (2) where neither the fact of agency nor the identity of the principal is disclosed. [Citing cases.] As to cases coming within the first class, it generally is held that a memorandum which reveals the fact of agency is insufficient to satisfy the statute of frauds, because there are no competent parties appearing on the face of the instrument. Nor can parol evidence be introduced to supply the deficiency. [Citing cases.] But with regard to cases coming within the second class, it generally is held that the memorandum is sufficient to satisfy the statute. The names of competent contracting parties appear in the instrument, and recourse to parol evidence is then permissible to add to the already existing rights and liabilities of the agent the rights and liabilities of a principal. [Citing cases.]"

Since plaintiff here did not set forth on the receipt that it was acting as agent for an undisclosed principal, the facts may be distinguished from those in Clampet v. Bells, 39 Minn. 272, 39 N. W. 495, wherein signature on memorandum indicated that the seller was acting as agent for an undisclosed principal and the court refused to permit parol evidence to establish the name of such principal.

No evidence was presented here to show that defendant relied or insisted upon receiving a deed from plaintiff only. He refused to pay the note, not because the deed came from the undisclosed principal rather than plaintiff, but simply because he had decided not to go through with the deal. Under the foregoing authorities, we hold that the note and receipt constituted a sufficient memorandum of the agreement for the conveyance of the property, under § 513.05 (§ 8460), and hence that the note therefor was supported by a valid consideration.

■ Throughout the trial, reference was made to the fact that no tender of the certificate and the deed was made to defendant prior to commencement of the action. Under our decisions, this was immaterial. Defendant had declared his inability and refusal to pay the note and had made no reference to or request for the in-

strument of conveyance. As stated in Johnston v. Johnson, 43 Minn. 5, 6, 44 N. W. 668:

"* * * There was no necessity for * * * presenting a clear abstract of title or tendering a deed, when, for reasons wholly foreign to the matter of the title, the vendee had notified them that he could not perform."

See, also, Peoples Co-op. Store Co. v. Blegen, 159 Minn. 158, 198 N. W. 425; Rahm v. Cummings, 131 Minn. 141, 155 N. W. 201.

Affirmed.

