**CPJ ENTERPRISES, INC., Appellant,**

v.

**Kent GERNANDER, et al., Respondents.**

No. C8–94–547.

Court of Appeals of Minnesota.

Sept. 13, 1994.

Paul A. Sortland, Sortland Law Office, Minneapolis, for appellant.

Katherine L. MacKinnon, Lindsay G. Arthur, Jr., Michael P. North, Arthur, Chapman, McDonough, Kettering & Smetak, P.A., Minneapolis, for respondents.

Considered and decided by PETERSON, P.J., and PARKER and CRIPPEN, JJ.

**OPINION**

PETERSON, Judge.

On appeal from a summary judgment, appellant CPJ Enterprises, Inc. argues the district court erred in concluding that an undisclosed principal cannot sue its agent's attorney for malpractice and that an agent who

suffered no damages could not sue its attorney for malpractice to recover damages suffered by its undisclosed principal. We affirm.

## FACTS

In 1983, EMD Construction Company (EMD) signed a real estate exchange agreement with appellant CPJ Enterprises, Inc. (CPJ). Both companies were closely-held corporations owned by different members of the same family. In 1985, EMD signed a purchase agreement for a parcel of land in Winona. Soon after, EMD and CPJ signed a contract for deed providing that EMD would fulfill its obligation under the 1983 property exchange agreement by conveying the Winona property to CPJ.

EMD hired respondent Streater, Murphy, Gernander, & Forsythe to represent it during the purchase of the Winona property. Respondent Leo Murphy prepared the title opinion while respondent Kent Gernander attended the closing for EMD. After the closing, EMD discovered that the description of the property in the deed of conveyance was 22,500 square feet, or about one-third, smaller than the description of the property in the purchase agreement. The property omitted from the description had been sold to another party two years before this sale.

EMD filed for bankruptcy in March 1989, but still exists. In the bankruptcy proceeding, the malpractice claim against respondents for their representation in the real estate purchase was listed as a potential receivable, but the bankruptcy trustee abandoned the claim because EMD "was acting as an agent for CPJ Enterprises, Inc. and incurred no damage by reason thereof." The bankruptcy court approved the abandonment of this claim.

In April 1992, EMD sued respondents for negligence and breach of contract based on the failure to discover the defect in the title of the purchased property. EMD later filed a motion to substitute CPJ as the plaintiff and stated:

It is the allegation of the defendants that EMD Construction Company acted as the agent for CPJ in this transaction. Plaintiff does not contest this allegation and requests that the pleadings be amended to conform to that understanding.

EMD argued that the pleadings should be amended to reflect the fact that CPJ was the real party in interest in the case. Respondents opposed the motion. Murphy and Gernander stated that they did not know that EMD was acting for CPJ in buying the property. The district court granted EMD's motion.

Respondents then filed a motion for summary judgment, which was granted.[1] The district court found that since respondents did not know that its client EMD was CPJ's agent, or that CPJ was the intended beneficiary of the transaction, they were not liable to CPJ for malpractice under either an agency or a third-party beneficiary theory. CPJ moved for reconsideration or to amend the complaint to substitute EMD as the plaintiff on grounds that EMD could bring a malpractice action for CPJ as its agent. The court denied both motions.

## ISSUES

I. Did the district court err in granting summary judgment for respondents on CPJ's malpractice claim?

II. Did the district court err in denying CPJ's motion to amend the complaint to substitute EMD as the plaintiff?

## ANALYSIS

### I.

On appeal from a summary judgment, we must examine the record to determine whether any genuine issues of material fact exist and whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). This court must view the evi-

---

1. For purposes of the summary judgment motion only, respondents did not contest CPJ's allega-

tions of malpractice.

dence in the light most favorable to the nonmoving party. *Id.*

■ The lawyer-client relationship is jealously guarded and restricted to only those two parties because it is a fiduciary relationship of the highest character. *Wagener v. McDonald,* 509 N.W.2d 188, 191 (Minn.App. 1993). Thus, a lawyer is liable for malpractice "only to a person with whom the attorney has an attorney-client relationship and not, in the absence of special circumstances such as fraud or improper motive, to anyone else." *Marker v. Greenberg,* 313 N.W.2d 4, 5 (Minn.1981).

While there are exceptions where strict privity is not required for a third party to sue a lawyer for negligence,

> [t]he cases extending the attorney's duty to non-clients are limited to a narrow range of factual situations in which the client's sole purpose in retaining an attorney is to benefit directly some third party.

*Id.* A third-party beneficiary's claim

> is recognized only when doing so will both implement the client's intent and serve to enforce the lawyer's obligations to the client without creating interests that might impair performance of those obligations. A duty to third persons hence exists only when the client's intent to benefit the third person is clearly established.

Restatement (Third) of the Law Governing Lawyers § 73 cmt. f (Tentative Draft No. 7, 1994); *see also Marker,* 313 N.W.2d at 5 (to determine if person was third-party beneficiary, court examines factors such as extent to which transaction was intended to affect third party and foreseeability of harm to third party); *Schuler v. Meschke,* 435 N.W.2d 156, 163 (Minn.App.1989) (cooperative members could not sue cooperative's attorney on grounds that they might have been intended beneficiaries of attorney's work), *pet. for rev. denied* (Minn. Apr. 19, 1989); *Currey v. Butcher,* 37 Or. 380, 61 P. 631, 634–

35 (1900) (wife cannot sue husband's attorney for legal malpractice arising out of land transaction unless attorney knew husband was acting on behalf of wife); *McEvoy v. Helikson,* 277 Or. 781, 562 P.2d 540, 543 (1977) (husband could sue former wife's attorney for malpractice for delivering her passport before she delivered parties' child in accordance with terms of stipulated order; *Currey* inapplicable because attorney assumed duty to husband by agreeing to perform as required by stipulation).

CPJ does not argue that it was respondents' client or challenge the court's decision that it could not sue respondents under a third-party beneficiary theory because its interest in the transaction was undisclosed. Instead, CPJ relies on agency law to argue that it has standing as an undisclosed principal to sue its agent's attorneys for malpractice. *See Kohagen–Mendenhall Co. v. Joyce,* 221 Minn. 83, 86–87, 21 N.W.2d 232, 234 (1945) (undisclosed principal can bring suit in its own name to enforce agent's contracts).[2]

But when the agency relationship or the agent's intent to use the lawyer's services to benefit the principal is not disclosed to the agent's lawyer, allowing the undisclosed principal to sue the agent's lawyer for malpractice

> could expose lawyers to liability for following a client's instructions in circumstances where it would be difficult to prove what those instructions had been. Threat of such liability would tend to discourage lawyers from following client instructions adversely affecting third persons.

Restatement (Third) of the Law Governing Lawyers § 73 cmt. f (Tentative Draft No. 7, 1994). Thus, the threat of liability for malpractice to an undisclosed principal would interfere with the lawyer's duty to zealously represent the agent/client. *See* Minn.R.Prof.Conduct 1.3 cmt. (lawyer must act with commitment and dedication to

---

**2.** CPJ relies on *Admiral Merchants Motor Freight, Inc. v. O'Connor & Hannan,* 494 N.W.2d 261, 266 (Minn.1992) to argue that whether an undisclosed principal can sue its agent's attorney is a question of fact. But in *Admiral,* the court applied the well-established third-party beneficiary theory of attorney liability and held that whether the plaintiffs were third-party beneficiaries was a fact question. *Id.* Here, CPJ admits that it has no cause of action against respondents under a third-party beneficiary theory. Instead, CPJ asks this court to recognize a new theory of liability, which clearly is a question of law.

client's interests and with zeal in advocating upon client's behalf); *see also L & H Airco, Inc. v. Rapistan Corp.*, 446 N.W.2d 372, 378–79 (Minn.1989) (if attorney owed duty to client's adversary, this duty necessarily would conflict with duties of zealous representation and loyalty owed to client; therefore party cannot sue adversary's lawyer for negligence).

Further, many situations could arise where the agent's interests would conflict with the principal's interests. These conflicts might be avoided or reconciled if the attorney knew of the agency relationship. *See* Minn.R.Prof.Conduct 1.7(a) (lawyer may not represent person whose interests are adverse to client's unless lawyer reasonably believes representation will not adversely affect relationship with client and both clients agree after consultation). But when the agency relationship is not disclosed to the attorney, the attorney would not even be aware of the potential for conflict. The threat of liability for malpractice to an undisclosed principal would divide the lawyer's loyalties, thereby damaging the attorney's duty of loyalty to the client. *See* Minn.R.Prof.Conduct 1.7 cmt. (loyalty is essential element of lawyer/client relationship).

■ Finally, allowing an undisclosed principal to sue an agent's attorney for malpractice would harm the attorney/client relationship by creating the risk of collusion. *See Wagener*, 509 N.W.2d at 191 (attorney malpractice claim not assignable because risk of collusion would damage attorney/client relationship). In short, while the relationship between a principal and its agent generally permits the undisclosed principal to enforce its agent's contracts, we hold that this relationship does not allow an undisclosed principal to sue its agent's attorney for malpractice.

## II.

■ A party may amend a pleading only by leave of the court or with the adverse party's written consent. Minn.R.Civ.P. 15.-01. A motion to amend a complaint properly may be denied when the additional claim could not survive summary judgment. *See M.H. v. Caritas Family Servs.*, 488 N.W.2d

282, 290 (Minn.1992) (upholding denial of motion to add intentional tort claim when no facts supported that claim); *Hunt v. University of Minn.*, 465 N.W.2d 88, 95–96 (Minn. App.1991) (same). We will not reverse the denial of a motion to amend a complaint absent an abuse of discretion. *Utecht v. Shopko Dep't Store*, 324 N.W.2d 652, 654 (Minn.1982).

■ To establish a legal malpractice claim, a plaintiff must show that his attorney acted negligently or breached a contract; that the attorney's acts were the proximate cause of the client's damages; and but for the attorney's conduct, the client would not have been damaged. *Wartnick v. Moss & Barnett*, 490 N.W.2d 108, 112 (Minn.1992).

■ CPJ argues that the district court should have allowed it to amend its complaint to substitute EMD as the plaintiff because EMD, as CPJ's agent, could sue respondents to recover the damages CPJ suffered due to respondents' alleged malpractice. But as discussed above, CPJ had no viable malpractice claim against respondents for EMD to bring. Further, because EMD, respondents' client, admitted that it was not damaged by respondents' acts, it had no cause of action against respondents for malpractice. The district court properly denied the motion to amend.

## DECISION

As an undisclosed principal cannot sue its agent's attorney for malpractice, CPJ has no cause of action for malpractice against respondents. EMD has no cause of action against respondents for malpractice because it admitted that it suffered no damages due to respondents' actions.

**Affirmed.**