## J. S. ROWELL and others vs. AANOND OLESON.

### July 10, 1884.

**Written Contract—Unnamed Principal—Parol Evidence.**—It is incompetent to prove by parol that a written contract was made on behalf of one not named in it, unless there be words (such as "agent," "trustee," or the like) affixed to the name of the contracting party which may indicate that he is contracting for another.

**Sale—Warranty—Provision for Return.**—Where, in a warranty, is this clause, "If said machine will not bear the above warranty, it is to be returned after a trial of two weeks to the place of delivery, and another substituted that will answer such warranty, or the money and notes immediately refunded," the warrantee cannot maintain an action for a breach without returning or offering to return the machine.

Action upon a promissory note, brought in the district court for Fillmore county. Defendant pleaded, as a defence and counterclaim, a breach of warranty alleged to have been made by plaintiffs upon the sale to defendant of a Tiger Threshing-machine Separator, for a part of the purchase price of which the note in suit was given. Upon

the trial before *Farmer*, J., and a jury, the court received in evidence under plaintiffs' objection and exception, the following warranty in writing, viz.:

"Sept. 6, 1880.

"I hereby guarantee that this Tiger Separator shall do good work in every respect, and as light draft as any in the market; and if said machine does not do good work, the notes shall be returned to A. Oleson Q.                                                        S. E. FORD."

Evidence was also admitted, under plaintiffs' objection and exception, to show that S. E. Ford signed the warranty as the agent of plaintiff, and at the time of the sale. The plaintiffs introduced in evidence a warranty given defendant, in the following form, viz.:

"The above machine is warranted to do as good business in threshing and cleaning grain as any other machine in the world, to be well and substantially made, well finished, of good material, well painted, and durable with proper care. If said machine will not bear the above warranty, it is to be returned after a trial of two weeks to the place of delivery, and another substituted that will answer such warranty, or the money and notes immediately refunded."

It was also in evidence that the defendant never returned or offered to return the machine. Defendant had a verdict, and plaintiffs appeal from an order refusing a new trial.

*H. R. Wells*, for appellants.

*H. S. Bassett*, for respondent.

The court did not err in refusing to exclude the warranty signed by S. E. Ford. *Pratt* v. *Beaupre*, 13 Minn. 177, (187;) *Bingham* v. *Stewart*, 14 Minn. 153, (214;) *Ames* v. *First Div., etc., R. Co.*, 12 Minn. 295, (412;) *Weide* v. *Porter*, 22 Minn. 429; *Frohreich* v. *Gammon*, 28 Minn. 476; *Deering* v. *Thom*, 29 Minn. 120; *Osborn* v. *Rawson*, 47 Mich. 206; *Byington* v. *Simpson*, 45 Am. R. 314; s. c., 134 Mass. 169; *Merrill* v. *Kenyon*, 40 Am. R. 174; s. c., 48 Conn. 314.

GILFILLAN, C. J. It was error in the court below to admit in evidence the warranty signed "S. E. Ford." That warranty was immaterial, and could tend but to confuse and mislead the jury, unless it was the contract of the plaintiffs. There was no attempt to show it

v.32—19

to be their contract except by parol. That was incompetent. Where by its terms a contract is the contract of A, to show that it is the contract of B will vary or contradict its terms, as much as will evidence to change any other provision in it. Although the authorities are not in harmony on the point, the weight of them is to the effect that it cannot be done by parol. Ewell's Evans on Agency, 248, [177] and note.

A departure to some extent from this rule was established in this state by the cases of *Pratt* v. *Beaupre*, 13 Minn. 177, (187,) and *Bingham* v. *Stewart*, 14 Minn. 153, (214;) followed by *Deering* v. *Thom*, 29 Minn. 120, in which the court acted upon the proposition that when words (such as "agent," "trustee," or the like) which may be either descriptive of the person or indicative of the character in which he contracts are affixed to the name of the contracting party, they are *prima facie* descriptive only, but it may be shown by extrinsic evidence that they were used to determine the character in which the party contracts. The same proposition is stated in 1 Parsons on Contracts, 54, that it may be determined "in each instance, and with whatever technical inaccuracy the signature is made, from the facts and the evidence, that a party is an agent or a principal in accordance with the intention of the parties to the contract, *if the words are sufficient to bear the construction.*" In other words, when, upon the face of the contract, it is doubtful with what purpose the terms "agent," "trustee," or the like were used, it may be shown by parol. The cases we have referred to go as far as is safe in that direction.

Upon the other warranty (that of the plaintiffs) the evidence fails to make out any counterclaim. That the parties to such a warranty may agree on a remedy for a breach, and make it exclusive, is not to be doubted. They did so in this warranty: "If said machine will not bear the above warranty, it is to be returned, after a trial of two weeks, to the place of delivery, and another substituted that will answer such warranty, or the money and notes immediately refunded." The language of this does not give the purchaser any option. It is imperative that the machine "is to be returned after a trial of two weeks;" and then the vendor was to have the right to replace it with another, or to refund the money and notes immediately, *i. e.*, to re-

:scind the contract. No proof was made of any offer or attempt to return the machine.

Order reversed.