WM. LINDEKE LAND COMPANY v. JOSEPH LEVY.

May 22, 1899.

Nos. 11,613—(64).

Lease—Undisclosed Principal—Action against Principal—Rowell v. Oleson Overruled.

> The general rule is that where a simple contract, by parol or in writing, is made by a duly-authorized agent, without disclosing his principal, and the other contracting party subsequently discovers the real party, he may abandon his right to look to the agent personally, and may resort to the principal. Rowell v. Oleson, 32 Minn. 288, overruled, in so far as it is in conflict with the above.

Same—Verdict Sustained by Evidence.

> Rule applied in an action for rent, where the evidence was abundant to justify the jury in finding that defendant was the undisclosed principal of P. and C., who, duly authorized so to do by him, and solely for his benefit, had procured in their own names a written lease for one year of certain premises belonging to plaintiff.

Action in the municipal court of St. Paul to recover $75, being one month's rent under a lease executed by plaintiff to Oscar L. Pherson and Andrew A. Clauson, doing business as the Pherson Furniture Co., which, the complaint alleged, they entered into for the use and benefit, and as agents, of defendant. The case was tried before Orr, J., and a jury, which rendered a verdict in favor of plaintiff in the amount demanded. From an order denying a motion for a new trial and from a judgment entered upon the verdict, defendant appealed. Affirmed.

*Schoonmaker & Fleming*, for appellant.

*Fred W. Foot*, for respondent.

COLLINS, J.

At the trial of this action, plaintiff sought to recover upon the theory that Pherson and Clauson, who actually entered into the written contract with plaintiff by which the latter leased the premises to the former for one year, executed and obtained the lease solely for the use and benefit of defendant Levy, and not for their own benefit; that in so doing they acted as his agents, within the

scope of their authority as such; and that he was in fact the undisclosed principal, to whom plaintiff might look for its rent upon discovering the fact. And from the pleadings and proof it is obvious that the judgment appealed from cannot be sustained, except upon that theory. It is also obvious that the evidence introduced upon the trial abundantly warranted the jury in finding that, after plaintiff had refused to lease the premises to defendant, he procured Pherson and Clauson, who were in his employ, to secure a lease, as the Pherson Furniture Company, that he might occupy the premises himself as a dealer in furniture; that he did so occupy until plaintiff discovered the fact, and he was compelled to remove; and that he actually furnished all of the money ever paid as rent by Pherson and Clauson. Therefore the real question in the case arises out of the rulings of the trial court under which plaintiff was permitted to introduce evidence tending to show that Pherson and Clauson were agents, only, when obtaining the lease, and that defendant was their undisclosed principal in the transaction. If these rulings were correct, the plaintiff's right to recover was well established.

In view of a former opinion of this court (Rowell v. Oleson, 32 Minn. 288, 20 N. W. 227), to which reference will be made hereinafter, we have made a very careful examination of the authorities bearing upon the subject; and we find no better statement of the prevailing rule than in the words of Baron Parke in Higgins v. Senior, 8 M. & W. 834, 844,—although obiter, it must be confessed, —as follows:

"There is no doubt that, where such an agreement is made, it is competent to show that one or both of the contracting parties were agents for other persons, and acted as such agents in making the contract, so as to give the benefit of the contract, on the one hand, to, and to charge with liability, on the other, the unnamed principals; and this, whether the agreement be or be not required to be in writing by the statute of frauds; and this evidence in no way contradicts the written agreement. It does not deny that it is binding on those whom, on the face of it, it purports to bind; but shows that it also binds another, by reason that the act of the agent, in signing the agreement, in pursuance of his authority, is in law the act of the principal."

The general rule seems to be well settled that where a simple contract, by parol or in writing, is made by a duly-authorized agent, without disclosing his principal, and the other contracting party subsequently discovers the real party, he may abandon his right to look to the agent personally, and may resort to the principal. Parol evidence showing that an additional and unnamed party is also liable on the written instrument in no way alters, varies, or contradicts it. Such evidence is not admissible for the purpose of showing that the agent who has contracted in his own name is not liable. When admitted, it simply establishes the liability of another unnamed party. 1 Am. & Eng. Enc. (2d Ed.) 1139, 1140, and authorities cited in notes. Some of these authorities go much further than is necessary here. See also note to Thomson v. Davenport, 2 Smith, Lead. Cas. Eq. 398, 9 B. & C. 78; also Exchange Bank v. Hubbard, 10 C. C. A. 295, 62 Fed. 112. We need not discuss the exceptions to the general rule above stated,—there are some, beyond doubt,—for it is unnecessary. The general rule is controlling here, and the court below did not err when so holding.

We are now brought to Rowell v. Oleson, supra, in which the law was laid down in the following words:

"Where, by its terms, a contract is the contract of A., to show that it is the contract of B. will vary or contradict its terms, as much as will evidence to change any other provision in it. Although the authorities are not in harmony on the point, the weight of them is to the effect that it cannot be done by parol;" Ewell's Evans, Ag. 248, and note, being cited.

At that particular place the learned author attempts, as he says, to digest the rules relating to the drawing and accepting of bills of exchange by an agent. He does not refer to the question now before us, there or elsewhere in this book. Nor does the note bear upon the subject, for it simply treats of the responsibility of agents when attempts are made by them to escape personal liability on bills of exchange and promissory notes by casting it upon their principals. A very slight examination of the citation relied upon will show that it was very far from being authority for the proposition laid down and hereinbefore quoted. Nor do we find any authority in support of it. In fact, all are opposed. We are therefore

obliged to overrule that part of the decision in Rowell v. Oleson which is in conflict with the above, and is summed up in the first headnote.

The judgment and order are affirmed.