## RUDOLPH C. PLEINS v. MORRIS M. WACHENHEIMER and Another.[1]

### July 2, 1909.

### Nos. 16,231—(176).

**Joinder of Causes of Action.**

Several causes of action, legal or equitable, arising out of the same contract or transaction, and not inconsistent, may, under section 4154, R. L. 1905, be united in the same complaint, where they affect all the parties to the action, though all be not affected alike.

**Parol Evidence to Identify Party to Contract.**

A person who enters into a contract with another and causes it to be reduced to writing in the name of his agent may be identified by parol evidence as the real party in interest and thus subjected to liability thereon.

Action in the district court for Ramsey county to recover $5,000 damages for breach of contract and that the agreement be rescinded and canceled. The defendant Frank Y. Locke demurred to the amended complaint and from an order, Kelly, J., sustaining the demurrer, plaintiff appealed. Reversed.

*Thos. J. McDermott* and *G. S. Ives,* for appellant.

*Ambrose Tighe,* for respondents.

BROWN, J.

Defendant Locke interposed a demurrer to plaintiff's amended complaint, specifying as grounds thereof (1) that several causes of action were improperly united, and (2) that the facts therein stated do not constitute a cause of action; and plaintiff appealed from an order sustaining the same.

[1]Reported in 122 N. W. 166.

The action is to recover damages for the breach of a contract alleged to have been entered into between plaintiff and defendant Locke, which for the convenience and at the instance of Locke was made in the name of defendant Wachenheimer, who the complaint alleges was the agent of Locke. The complaint alleges: "That on the 16th day of October, A. D. 1906, a contract in writing was executed by this plaintiff and the defendant Wachenheimer, a copy of which is hereto annexed, marked Exhibit 'A,' and made a part of this complaint. That all the negotiations for said contract were made between this plaintiff and the defendant Locke, acting in his own behalf, and that all the matters stated in said contract were agreed upon between this plaintiff and said Locke, acting in his own behalf as aforesaid, prior to the execution of said contract. That thereupon the said Locke caused said contract to be prepared in accordance with the terms of such agreement, with the exception that he caused the name of said defendant Wachenheimer to be inserted in the same instead of his own. That said Locke represented to this plaintiff that he was the president of the Security Trust Company. That said company was largely and actively engaged in business in St. Paul, Minnesota, including the administration of estates of decedents and other fiduciary matters, and for such reason he did not think it proper for him as president of such company to publicly be known as connected with or engaged in exploiting an invention or patent right. That he would faithfully carry out and perform all the terms of said agreement, but desired and requested this plaintiff for the reasons aforesaid to allow said contract to be executed nominally in the name of said Wachenheimer, who was at such time associated with said Locke in matters of this character. That in accordance with such request, and relying upon such statements and promises on the part of said defendant Locke, this plaintiff executed the said contract as aforesaid. Plaintiff further alleges that in the making of such contract, and in all subsequent proceedings thereunder, the said Wachenheimer acted and continued to act as the agent of said defendant Locke, and that during all said time the said Locke was and still is the real party in interest therein, and that said contract was so made and said business transacted in the

name of said Wachenheimer as a matter of convenience for said Locke, for his accommodation and to avoid publicity as aforesaid."

The contract is attached to and made a part of the pleading, and the extract above set out is followed by appropriate allegations of a breach of its provisions. The prayer for relief is that plaintiff have and recover $5,000 damages for failure of defendants to carry out the terms of the contract, and that the contract be rescinded and delivered up for cancellation.

1. If it be conceded that the complaint states two causes of action, one for damages and one for the cancellation of the contract, still it is not demurrable; for section 4154, R. L. 1905, expressly permits a joinder of causes of action, legal or equitable, where they arise out of the same transaction, are not inconsistent, and affect all the parties to the action. Both causes of action presented by this complaint arise out of the same contract or transaction, are not inconsistent, and affect all the parties of the action. The contract, though made with Locke, was in the name of Wachenheimer, and to effect a cancellation thereof both are necessary parties. Respecting the damages, perhaps, Wachenheimer is not a necessary party; but from that fact a misjoinder of the causes of action does not follow. It is not necessary that the several causes of action authorized to be joined under the statute referred to affect all the parties alike. Mayberry v. Northern Pac. Ry. Co., 100 Minn. 79, 110 N. W. 356, 12 L. R. A. (N. S.) 675. The relief awarded in such cases may affect them differently; but, when all are concerned in some material part of the subject-matter in litigation, they may be joined. In the case at bar the contract may be canceled as to both defendants, but a recovery of damages would in all probability be limited to Locke.

2. The argument in support of the second ground of demurrer, namely, that the complaint does not state facts sufficient to constitute a cause of action, is that, since the contract is in writing and upon its face an agreement between plaintiff and Wachenheimer, to permit evidence to connect Locke with it as a party in interest would violate the elementary rule that an unambiguous written contract cannot be varied or changed by parol. The question was presented on the oral argument mainly on the theory of the general principle

that an undisclosed principal may, by parol proof, be subjected to liability on contracts made in his behalf by his agent; but that rule, except by analogy, has no special application to the facts here presented. Its particular application is to cases where an agent enters into a contract on behalf of his principal, without disclosing to the person with whom he is dealing that he is acting as an agent.

In the case at bar the complaint alleges that the contract in question was in fact made and entered into between plaintiff and Locke, that it was put in Wachenheimer's name at Locke's request, and that Wachenheimer thereafter in all matters pertaining to the agreement acted as Locke's agent. Under such circumstances it cannot well be said that Locke was an unknown principal within the rule stated. He was known, and personally made the contract in his own behalf. But on the same principle, which is supported by all modern authority (18 Yale Law J. 443), Locke may be identified by parol as the real party in interest (Wm. Lindeke Land Co. v. Levy, 76 Minn. 364, 79 N. W. 314; overruling Rowell v. Oleson, 32 Minn. 288, 20 N. W. 227). We need not stop to consider the extent to which the Oleson case was overruled, nor whether, where an agent enters into a written contract on behalf of his principal, but in his own name and after expressly disclosing to the other contracting party the name of his principal, the latter may be subjected to liability thereunder. Such is not this case.

Here, as already stated, the principal made the contract and caused it to be placed in his agent's name for reasons of his own. He had the right to do business in his own or in the name of his agent, as he thought proper and advisable, and parol evidence identifying him as the real party in interest violates to no greater extent the rule against varying written contracts by extrinsic evidence than by subjecting to liability an unknown and unnamed principal by similar means. Had Locke assumed, in making the contract, an artificial or fictitious name, it is clear that he could have been identified as the real party. The situation is in no essential way changed by the fact that he made use of the name of another known person. Pease v. Pease, 35 Conn. 131, 95 Am. Dec. 225.

While plaintiff, in his amended complaint, apparently shifted his position as to the facts, as pointed out by respondent, the amended

pleading is the only one before us, and its sufficiency must be determined in the light of the facts therein set forth, without reference to the allegations of the original complaint.   Hanscom v. Herrick, 21 Minn. 9.

Order reversed.