# SARAH M. DAVIDSON v. FRANK W. HURTY.[1]

December 22, 1911.

Nos. 17,347—(173).

**Sale of real estate — undisclosed principal — specific performance — parol evidence.**

A real estate company entered into a contract with defendant whereby it agreed to sell him certain real estate upon stipulated terms. The company was not the owner of the property, and the contract contained a provision that it should be approved by the owner. Plaintiff was the owner, and her husband was her business manager, and he indorsed upon the contract the words: "Approved. W. P. Davidson." Plaintiff then carried out all of the provisions of the contract, and tendered a deed with the usual covenants, executed by herself and husband. *Held:*

1. Plaintiff's remedy was by specific performance, as the undisclosed principal, and parol evidence was admissible to prove that she was the owner, that her husband acted with her authority, and that she had complied with the terms of the contract.

2. It was immaterial that the real owner was not disclosed on the face of the contract.

3. Such evidence did not necessarily vary or contradict the terms of the contract as to the ownership of the property, since his approval of the contract was consistent with plaintiff's ownership, and defendant was not misled thereby.

4. Section 3609, R. L. 1905, which prohibits contracts for the sale of real estate between husband and wife, did not prevent the introduction of parol evidence to prove that the wife was the owner and that her husband acted with her authority.

Action in the district court for Ramsey county upon a written contract of sale of land to recover $10,000; to compel defendant to

[1] Reported in 133 N. W. 863.

[Note] As to character of contract as affecting right of undisclosed principal to sue thereon, see note in 29 L.R.A.(N.S.) 472.

Parol evidence that one of the persons who signed an instrument relating to real property was agent for undisclosed principal, see note in 24 L.R.A.(N.S.) 315.

execute and deliver to plaintiff a promissory note for $15,000, dated September 29, 1910, secured by mortgage on the land described and that plaintiff have a lien on the land to secure the payment of the $10,000. The answer interposed a counterclaim and alleged that at the time of the execution of the contract, defendant paid the Sperry Realty Company $2,500 and that no part thereof had been returned. The reply denied the receipt of any money save the sum of $1,687.50. The case was tried before Hallam, J., who made findings and as conclusions of law found that plaintiff was entitled to judgment for $10,000, with interest at six per cent from December 11, 1910; that defendant execute his promissory note for $15,000, bearing date September 29, 1910, due on or before five years from that date, with interest at five per cent per annum, payable semiannually, and be entitled to the delivery to him of the deed upon making payment and complying with the judgment. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*John D. O'Brien* and *Dillon J. O'Brien,* for appellant.

*B. H. Schriber,* for respondent.

LEWIS, J.

Plaintiff was the owner of lot 2, fronting on Sibley street, in the city of St. Paul, and on August 22, 1910, she entered into a contract with a manufacturing company to build thereon a three-story and basement brick building, one hundred twenty-five feet deep, with fifty feet frontage, and entered into a lease of the building to the company for the sum of $5,000 per year for five years. Her husband, W. P. Davidson, was her business representative, and attended to the business of negotiating the lease and construction of the building.

After a considerable amount of work had been done in excavating and preparing for the foundation, defendant instituted negotiations with the Sperry Realty Company for the purpose of inducing Mr. Davidson to abandon the construction of the building on lot 2 for the reason that, if erected, it would interfere with the light, then accessible, to certain store buildings fronting on Seventh street, which belonged to members of defendant's family. In furtherance of these

negotiations the Sperry Realty Company entered into a contract with defendant on September 29, 1910, whereby it agreed to convey lot 2 to the defendant in consideration of $27,500, $2,500 of which was paid at the execution of the contract, $10,000 to be paid upon delivery of the deed, and the balance on or before five years. The contract contained the statement that it was made subject to the owner's approval, but it did not specify who the real owner was.

Having been informed of the execution of the contract, Mr. Davidson notified defendant that he was negotiating a contract with the manufacturing company to change the location of the building from lot 2 to the adjoining lot 3, and, in case such an arrangement was made, that he would sell to the defendant lot 2, according to the terms of the contract signed by the Sperry Realty Company. About the same time Mr. Davidson indorsed upon that contract these words: "Approved. Watson P. Davidson." Mr. Davidson then purchased lot 3 from the owner, a third party, and entered into a contract with the manufacturing company to erect for it a building upon that lot, secured their cancelation of the lease on lot 2, caused the excavation on lot 2 to be partially filled, and proceeded with the erection of the building on lot 3.

In accordance with the terms of the Sperry Realty Company contract, plaintiff furnished an abstract of title, which was examined by defendant's attorney, and was perfected in accordance with such attorney's request. Defendant refused to complete the contract, and this action was brought by Mrs. Davidson as the undisclosed principal to recover the $10,000 and for specific performance. The trial court found for the plaintiff.

Witness Sperry and Mr. Davidson both testified, against objection, that defendant was informed that Mrs. Davidson was the owner of lot 2, but was absent from the city, and that defendant agreed to accept the contract with Mr. Davidson's approval indorsed thereon. Defendant denied this, and the court did not determine the issue thus made. It conclusively appears from the evidence, however, and the court so found, that Mr. Davidson was acting as the agent of his wife, and that she approved of his conduct in all that he did.

The burden of proving that Mr. Davidson was in fact the plain-

tiff's agent, and had authority to conduct the negotiations, was upon the plaintiff, and whether parol evidence was admissible for that purpose is the principal question in the case.

The general rule that an undisclosed principal may sue on a contract made by his agent in his behalf is subject to several exceptions. Formerly it was held that the rule applied only to simple contracts, but in Streeter v. Janu, 90 Minn. 393, 96 N. W. 1128, it was held that the distinctions between simple contracts and contracts under seal were obliterated by Laws 1899, p. 88, c. 86, even as applied to a contract sought to be enforced against an undisclosed principal. The rule does not apply to contracts which are personal in their nature, such as guaranty or indemnity. This exception is based on the ground that it is the right of every party to choose with whom he will have business dealings, and ordinarily the courts will not enforce an executory contract in behalf of an undisclosed principal, where the other party thereto objects to performance on the ground that he executed the contract under the belief that the agent was the real party to it, and that he would not have entered into it with the undisclosed principal of such agent, or where it appears clearly that exclusive credit was given to the agent. Birmingham v. McCarty, 152 Ala. 571, 44 South, 642, 13 L.R.A.(N.S.) 156; Edwards v. Ezell, 2 Willson, Civ. Cas. Ct. App. (Tex.) § 276; Brown v. Morris, 83 N. C. 251, 254; Sullivan v. Shailor, 70 Conn. 733, 40 Atl. 1054; Cowan v. Curran, 216 Ill. 598, 75 N. E. 322.

But it has generally been held that where the agent, acting in behalf of his undisclosed principal, has fully performed the contract, and performance has been accepted by the other party, although without knowledge of the undisclosed principal, the latter may maintain an action in his own name to recover the consideration for performance. Note to Shields v. Coyne (Iowa) 29 L.R.A.(N.S.) 472. In Kelly v. Thuey, 143 Mo. 422, 45 S. W. 300, it was held without qualification that a principal may maintain an action in his own name to enforce a contract for the purchase of real estate; it being immaterial whether the principal was known or unknown, or whether the party supposed he was dealing with the agent personally on his own behalf.

The rule excluding parol evidence to contradict or vary a written contract does not exclude parol evidence to show that a person named in a written contract, or signing the same, was the agent of an undisclosed principal. Wm. Lindeke Land Co. v. Levy, 76 Minn. 364, 79 N. W. 314. It is immaterial that the contract is required by the statute of frauds to be in writing. Such proof does not vary or contradict the writing, but merely establishes a collateral fact; that is, the authority under which the agent acts. Kingsley v. Siebrecht, 92 Me. 23, 42 Atl. 249, 69 Am. St. 486; Hunter v. Giddings, 97 Mass. 41, 93 Am. Dec. 54; Clark & Skyles, Agency, § 529. It has been held that an undisclosed principal cannot sue on a contract when parol evidence of the agency would contradict its express terms. Clark & Skyles make this statmeent in section 534, and cite Humble v. Hunter, 12 Q. B. 310, where the party to the contract declared himself to be "the owner of the ship."

In the present case the contract for the sale of lot 2 to the defendant was executed by the Sperry Realty Company, and in the body of it no mention is made of the ownership; but it contained an indorsement after the signatures that it was made subject to the owner's approval. Mr. Davidson did not sign it, but approved it by writing his name thereon. Conceding that parol evidence will not be received to vary the terms of a written contract, whereby in express terms a party assumes a position peculiarly personal, this contract does not fall under that class. Mr. Davidson's approval did not necessarily amount to a representation that he was the owner. On the other hand, his approval was consistent with his conduct as his wife's. agent and with her ownership.

It does not appear that defendant was induced to enter into the contract by any representation that Mr. Davidson was the owner, and the record fails to disclose evidence from which it might be inferred that defendant would have refused to make the contract of purchase direct with Mrs. Davidson.

Section 3609, R. L. 1905, which prohibits contracts for the sale of real estate between husband and wife, did not prevent the fact of ownership and authority in the husband from being shown. While part performance ·alone may not be sufficient, yet the doctrine of

estoppel is applicable where the owner and the agent have proceeded in good faith in reliance on the contract and the other party has not been prejudiced. This statute does not enable a purchaser to recover back purchase money from a wife, paid pursuant to the terms of a contract for the sale of her real estate executed by the husband by signing her name; she being willing to comply therewith. Keystone Iron Co. v. Logan, 55 Minn. 537, 57 N. W. 156. And it does not stand in the way of the enforcement by the wife of a contract for the sale of her real estate executed by her husband as her agent. Stromme v. Rieck, 107 Minn. 177, 119 N. W. 948, 131 Am. St. 452. Such contracts are not void for all purposes, and it is immaterial whether the wife's ownership is disclosed by the terms of the instrument.

The plaintiff acted in good faith, canceled the lease on lot 2, purchased another lot, and erected the building thereon, all in reliance on defendant's agreement to complete the purchase of lot 2. She caused the title to be perfected in accordance with defendant's demands, and even tendered a deed executed by herself and husband, with the usual covenants, in which Mr. Davidson joined.

Affirmed.