## H. J. UNRUH v. CARL ROEMER.[1]

December 15, 1916.

Nos. 19,995—(140).

**Specific performance — enforcement by undisclosed vendor.**

1. An undiclosed principal may enforce specific performance of a contract to sell real estate made by an agent in his own name, although the agent was not authorized in writing to make the sale.

**Same — knowledge of vendee not essential.**

2. The right to enforce such a contract is not dependent on the fact that the principal is, in fact, unknown to the vendee.

**Same — vendee entitled to full performance of contract.**

3. The purchaser in such a case is entitled to everything vouchsafed by his contract. If the contract calls for a warranty deed, he is entitled to the warranty of the party who executed the contract. If this is offered him he cannot complain that the real principal demands that he live up to the contract and pay the purchase price.

**Marketable title — finding sustained.**

4. The court found that a marketable title was furnished within the

[1]Reported in 160 N. W. 251.

time limit which it was claimed was fixed by the contract, and the finding is sustained by the evidence.

Action in the district court for Cottonwood county to recover $2,200 upon a contract for the sale of real estate. The case was tried before Nelson, J., who made findings and ordered judgment against defendant for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*A. X. Schall, Jr.,* and *Hosmer A. Brown,* for appellant.

*O. J. Finstad,* for respondent.

HALLAM, J.

Plaintiff, living in California, owned real estate in Cottonwood county, Minnesota. He gave to his mother, Elizabeth Unruh, living in Minnesota, verbal authority to sell it. She entered into a contract in writing, contracting in her own name as vendor to sell the property to defendant. Defendant now refuses to perform. Plaintiff offered to deliver a deed of the property, and brought this action to enforce specific performance, that is, to recover the purchase price. The court found for plaintiff and defendant appeals. Defendant urges several reasons for his refusal to carry out his contract. We consider them all without substantial merit.

1. It is contended that since the authority of Elizabeth Unruh to act as agent for plaintiff was not in writing, the contract is void under G. S. 1913, § 7003, which provides that a contract for the sale of real estate shall be void unless in writing, and signed by the vendor or his agent thereunto authorized in writing. It is settled in this state that an undisclosed principal may, notwithstanding this statute, enforce specific performance of a contract to sell real estate, made in due form by an agent in his own name, although the agent was not authorized in writing to make the sale, and that parol evidence is admissible to prove the relation of principal and agent in such a case. Davidson v. Hurty, 116 Minn. 280, 133 N. W. 862, 39 L.R.A.(N.S.) 324. As applied to contracts within the statute of frauds, the rule by which an undisclosed principal may sue on a contract made by an agent in his own name, is an anomaly, but it is a well-settled rule. The theory of it is that the statute has been complied

with by a contract in writing between the agent and the purchaser, that the evidence does not deny that the contract binds those whom on its face it purports to bind, but shows that another also may enforce it by reason that the act of the agent is the act of the principal, and that this in no way alters, varies or contradicts the contract. Fry, Spec. Performance (5th ed.) § 258; Lindeke Land Co. v. Levy, 76 Minn. 364, 366, 79 N. W. 314; Higgins v. Senior, 8 M. & W. 834; Ford v. Williams, 21 How. 287, 16 L. ed. 36. This principle is decisive of plaintiff's right to recover on the contract in this case.

The principle stated is limited in its application to cases where the personality of the contracting party is not important, and it is not applicable to a case where the defendant against whom enforcement is asked executed the contract in reliance on the belief or representation that the agent was the real party to it and would not have entered into such a contract with the principal. No such facts exist here. It was known that Elizabeth Unruh was not the owner of the property, and that plaintiff was the party in fact beneficially interested.

2. The right to enforce a contract as an "undisclosed" principal is not dependent on the fact that the principal is in fact unknown to the vendee. An undisclosed principal, within the rules stated, is one not disclosed in the contract. Exchange Bank v. Hubbard, 62 Fed. 112, 10 C. C. A. 295; Kingsley v. Siebrecht, 92 Me. 23, 42 Atl. 249, 69 Am. St. 486; Kelly v. Thuey, 143 Mo. 422, 438, 45 S. W. 300. This is the necessary sequel to the decisions in Davidson v. Hurty, 116 Minn. 280, 133 N. W. 862, 39 L.R.A.(N.S.) 324, and Curtis v. Northwestern Bedding Co. 121 Minn. 288, 141 N. W. 161.

3. Of course the purchaser in such a case is entitled to everything vouchsafed by his contract. If he has made a contract to purchase with warranty of title, he is entitled to a warranty deed from the person who executed the contract to convey. George v. Conhaim, 38 Minn. 338, 37 N. W. 791; Buswell v. O. W. Kerr Co. 112 Minn. 388, 128 N. W. 459, 21 Ann. Cas. 837. But where a warranty deed from the principal, and also from the agent who executed the contract, is furnished or offered, he has no just ground for complaint that the real principal demands from him that he live up to his contract and pay the purchase price. This is the necessary effect in the decision in Davidson v. Hurty, 116 Minn. 280, 133

N. W. 862, 38 L.R.A.(N.S.) 324, supra. This is the situation here. Plaintiff and his agent have at all times been ready, able and willing to convey by their own deed, or to furnish a warranty deed executed by Elizabeth Unruh. Defendant was offered everything that his contract called for. There is no valid ground for his refusal to perform.

4. Some complaint is made that the title of the Unruhs was not marketable; that a quitclaim deed from a former owner was required to make it marketable. It is admitted that this quitclaim deed was obtained, but the claim is that it was not obtained within the time limited for furnishing a good title, which it is claimed was August 1, 1915. It is by no means certain that any time limit was fixed for delivery of a good title, but assuming, as defendant claims, that plaintiff was obliged to furnish title by August 1, there is evidence that the quitclaim deed referred to was procured during the latter part of July, and that defendant was notified of that fact. The court found generally that the deed was procured, and then found that at all times since July 20, 1915, plaintiff has been ready, able and willing at all times to convey the premises according to the terms of the contract. This finding negatives defendant's contention that plaintiff did not perform in time, and the finding is sustained by the evidence.

Judgment affirmed.