CHARLIE RISTVEDT AND ANOTHER v. G. M. WATTERS.[1]

June 11, 1920.

No. 21,807.

**Exchange of property — undisclosed principal — parol evidence admitted.**
1. Plaintiffs were entitled to show by parol that they were the real parties in interest, although the contract in question was in writing and was made by their agent in his own name as principal.

**Same — false representations.**
2. Although the seller informs the purchaser that certain written representations concerning the character and condition of the property were made by a former owner, yet, if he also asserts positively that such representations are true and the purchaser relies thereon, he is liable in damages if they prove untrue.

**Verdict supported by evidence.**
3. The evidence is sufficient to sustain the verdict.

Action in the district court for Hennepin county to recover $12,000. The case was tried before Dickinson, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $3,550. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

[1]Reported in 178 N. W. 166.

*Dille, Hoke, Krause & Faegre,* for appellant.
*O. M. Peabody* and *Harry A. Warner,* for respondents.

TAYLOR, C.

This is an action for deceit in which plaintiffs had a verdict and defendant appeals from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial. Defendant contends: (1) That plaintiffs are not the real parties in interest; (2) that the finding that defendant fraudulently misrepresented the character and condition of the land is not sustained by the evidence; (3) that the damages are excessive.

On June 15, 1915, George O. Ristvedt, the father of the plaintiffs, entered into a written contract with defendant, by which he agreed to convey to defendant a stock of merchandise at Kenyon, Minnesota, and defendant agreed to convey to him in exchange therefor five parcels of land in the state of North Dakota, subject to mortgages thereon in the sum of $6,050. Two or three days later, for the purpose of executing the contract, the five parcels of land were conveyed to plaintiff William Ristvedt, and the stock of merchandise was delivered by him to defendant.

1. The father made the written contract in his own name as principal, without disclosing therein that the goods belonged to the plaintiffs or that he was acting as their agent, but he testified at the trial that the goods in fact belonged to the plaintiffs, that he was authorized to exchange them for land, by the plaintiffs, and that he made the exchange as representative and agent of the plaintiffs. Plaintiffs presented considerable other testimony to the same effect, and the finding that they were the real parties in interest is amply sustained by the evidence. That the contract was in writing and was executed by their agent in his own name as principal did not preclude them from showing by parol that they were in fact the real parties in interest. Wm. Lindeke Land Co. v. Levy, 76 Minn. 364, 79 N. W. 314; J. B. Streeter Jr. Co. v. Janu, 90 Minn. 393, 96 N. W. 1128; Pleins v. Wachenheimer, 108 Minn. 342, 122 N. W. 166, 133 Am. St. 451; Davidson v. Hurty, 116 Minn. 280, 133 N. W. 862, 39 L.R.A.(N.S.) 324.

2. The contract was made in defendant's office in the city of Minneapolis, and neither the plaintiffs nor George O. Ristvedt saw any of the land until after the contract had been completely executed. The representations concerning the character and condition of the land were contained in certain typewritten sheets presented to George O. Ristvedt during the negotiations preceding the making of the contract. It is not claimed that these representations were true, but they were copied from applications for loans made by prior owners of the land, which fact was communicated to George O. Ristvedt when they were presented to him, and defendant contends that, having disclosed the source of his information, he is not answerable in damages because the information proved to be untrue. If the evidence showed nothing more, his position would undoubtedly be well taken. Humphrey v. Merriam, 32 Minn. 197, 20 N. W. 138; Petrie v. Clarke, 126 Minn. 119, 147 N. W. 1097. But he had looked over at least a part of the land personally, and there is evidence to the effect that, although he told George O. Ristvedt that the statements contained in the typewritten sheets were taken from the loan applications, he also assured him that such statements were true. This evidence is contradicted, but we think it was sufficient to make a question for the jury as to whether he made a positive assertion as of his own knowledge that these statements were true. And the jury, under proper instructions, having by their verdict necessarily found that he made such assertion and that plaintiffs, through their agent, made the exchange in reliance thereon, he is liable for the resulting damages. Bullitt v. Farrar, 42 Minn. 8, 43 N. W. 566, 6 L.R.A. 149, 18 Am. St. 485; Knappen v. Freeman, 47 Minn. 491, 50 N. W. 533; Freeman v. F. P. Harbaugh Co. 114 Minn. 283, 130 N. W. 1110; Bunkers v. Peters, 122 Minn. 130, 141 N. W. 1118; Schlecter v. Felton, 134 Minn. 143, 158 N. W. 813, L.R.A. 1917F, 556; Helvetia Copper Co. v. Hart-Parr Co. 137 Minn. 321, 163 N. W. 665.

3. The court correctly instructed the jury as to the measure of damages, and we find no ground for saying that the amount allowed was excessive. Defendant insists that William Ristvedt was not qualified to testify as to the value of the stock of goods. He had been in charge of it for about three months, and the nature and extent of his knowledge

concerning it was fully disclosed, and we think the jury were properly permitted to give his testimony such weight as they deemed it entitled to. They evidently attached little weight to it, for they fixed the damages at less than half the amount indicated by this testimony.

Order affirmed.