## HUTCHISON LUMBER CO. v. LEWIS et al.

No. 10720—Opinion Filed April 10, 1923.

(Syllabus.)

1. **Evidence — Parol Evidence to Identify Party to Contract.**

Where a person enters into a contract with another and causes it to be reduced to writing in the name of another for his benefit, such person may be identified by parol evidence in an action involving the liability of the parties to the contract and subjected to the liability assumed according to the terms of the contract.

2. **Pleading — Issues — Admission of Evidence.**

It is not reversible error for the trial court to sustain an objection to the admission of evidence where such evidence is not material to any issue made by the pleadings.

3. **Affirmance of Judgment.**

Record examined, and held, that the judgment of the trial court be affirmed.

Error from District Court, Tulsa County; N. E. McNeill, Judge.

Action by Hutchison Lumber Company against W. L. Garner and S. R. Lewis to recover $2,445.80 and to foreclose a materialman's lien. Judgment in favor of the plaintiff against the defendant Garner for the sum of $1. Judgment in favor of the defendant Lewis against the plaintiff on his cross-petition for $1. Plaintiff brings error. Affirmed.

Ledbetter, Stuart, Bell & Ledbetter and Prentice & Bell, for plaintiff in error.

T. L. Brown, S. R. Lewis, and O. S. Booth, for defendant in error S. R. Lewis.

KENNAMER, J. This action was instituted May 28, 1917, in the district court of Tulsa county by the Hutchison Lumber Company, plaintiff, against W. L. Garner and S. R. Lewis, defendants, to recover $2,445.80, with interest at six per cent., from W. L. Garner and for the foreclosure of materialman's lien against certain lots located in the city of Tulsa owned by the defendant S. R. Lewis.

The plaintiff's petition alleged that the plaintiff had furnished to W. L. Garner, in pursuance of an oral contract and at the request of Garner, lumber and building material to the total amount of $4,490.70, on which amount $2,044.90 had been paid, leaving a balance of $2,445.80. That the plaintiff, within 60 days after the last material was furnished, on the 13th day of April, 1917, filed a verified statement showing the amount due plaintiff from Garner for said lumber and building material with the clerk of the district court of Tulsa county and served notice upon the defendant S. R. Lewis of the filing of said statement.

The defendant S. R. Lewis, on April 20, 1918, filed an amended answer and cross-petition in which he denied every allegation in the petition of the plaintiff not specifically admitted. He admitted that he was the owner of the real estate described in the plaintiff's petition, but denied that the plaintiff furnished any lumber or material at the instance and request of the defendant W. L. Garner. He alleged that the building material for the improvements made upon the lots described in the petition was furnished to him by the plaintiff under a contract with him and denied owing the plaintiff any sum for the materials furnished.

Defendant Lewis attached a copy of the contract, which was in writing, to his answer and cross-petition and alleged that he

entered into the contract with the Hutchison Lumber Company through E. S. Hutchison, who was president and manager of said company, but at the time the contract was executed E. S. Hutchison requested that W. L. Garner be permitted to sign the contract instead of the Hutchison Lumber Company, giving as his reason that the Hutchison Lumber Company being engaged in the retail sale of lumber and building materials, he (Hutchison) did not want the lumber company to appear as having entered into a contract as contractor for the construction of the houses which the defendant Lewis was contracting to have constructed.

The cross-petition of the defendant Lewis alleged that the total contract price, according to the terms of the written contract, was $10,567, for the construction of eight houses, and that he had paid to the plaintiff $378.55 in excess of the contract price; the failure of the plaintiff to complete the houses in accordance with the terms of the written contract, and for damages against the plaintiff for $2,958.53.

The plaintiff filed a reply to the answer and cross-petition of the defendant Lewis, denying all the allegations of said answer and cross-petition, admitting that the contract attached to the pleading of the defendant Lewis was a correct copy of the contract entered into between W. L. Garner and S. R. Lewis, but specifically denying that W. L. Garner was the agent of the plaintiff in any matters connected with said contract. The reply was verified by the president of the company.

Defendant Garner filed an answer and cross-petition against S. R. Lewis, but this pleading is immaterial, as the defendant Garner has not appealed from the judgment rendered. The answer of the defendant Garner, to the petition of the plaintiff consisted of a general denial.

The cause was tried to a jury in November, 1918, and certain controverted issues of fact as made by the pleadings were submitted to the jury by special interrogatories.

The first interrogatory submitted to the jury the issue whether the contract entered into for the construction of the houses was in fact the contract of the Hutchison Lumber Company. The jury answered this interrogatory in the affirmative and found that the contract was in fact the contract of the Hutchison Lumber Company.

The second interrogatory required the jury to find the date on which the last lumber was furnished by the Hutchison Lumber Company to W. L. Garner, which date the jury found to be February 17, 1917.

The jury returned a verdict in favor of the Hutchison Lumber Company against W. L. Garner for the sum of $1; a verdict in favor of S. R. Lewis on the claim alleged to be due W. L. Garner from Lewis; and a verdict in favor of S. R. Lewis against the Hutchison Lumber Company upon his claim for damages against said company in the amount of $1.

The Hutchison Lumber Company, on November 18, 1918, filed written objections to the special interrogatories and verdicts of the jury, which were by the court overruled and exceptions allowed. The plaintiff then filed motion for new trial, which was by the court overruled and exceptions allowed, and judgment was entered in accordance with the verdict of the jury. The plaintiff prosecutes this appeal to reverse the judgment of the trial court.

The plaintiff has assigned numerous assignments of error for reversal of the judgment of the trial court. The first error presented by counsel for the plaintiff is that the trial court erred in refusing to sustain the motion of the plaintiff to set aside the verdicts of the jury and declare a mistrial. It is contended that the first interrogatory was too indefinite to pass upon. With this contention we cannot agree. The interrogatory complained of reads:

"Do you find from the evidence that so far as the counterclaim of S. R. Lewis against Hutchison Lumber Company, find the same to be the contract of the Hutchison Lumber Company? Answer yes or no."

This interrogatory, considered in connection with the general instructions of the court, was sufficient to have the jury determine from the evidence whether the Hutchison Lumber Company in fact was a party to the contract. An examination of the record of the evidence shows that E. S. Hutchison, president and manager of the Hutchison Lumber Company and acting for the company, had submitted an estimate of the cost of materials and labor necessary for the construction of the eight houses, which the defendant Lewis desired to build, to the defendant Lewis, and had agreed with the defendant Lewis that the company was willing to undertake to furnish the materials and labor for the construction of the houses for the consideration of $10,567, and that Lewis had agreed to accept the proposition of the lumber company for the construction of said houses. That after the contract was reduced to writing, Garner signed the contract instead of the lumber

company for the reason Mr. Hutchison did not want the name of the lumber company to appear in the contract, but that Garner signed the contract as the representative of the lumber company.

It is true that the plaintiff contends that Garner was substituted for the lumber company in the contract in consideration of Mr. Hutchison personally, under a written guaranty guaranteeing the performance of the contract on the part of Garner, but the issue made by the pleadings was whether it was intended by the parties that Garner in executing the contract was only acting as the agent of the Hutchison Lumber Company. The jury found this issue in favor of the defendant Lewis, and the evidence amply supports the findings of the jury. It is our conclusion that the interrogatory submitting this issue, considered in connection with the general instructions of the court, was sufficiently clear and concise not to mislead the jury in determining this issue.

In submitting an issue by special interrogatory, the form of propounding the question is largely in the discretion of the trial court. 38 Cyc. 1916; Taggart Merc. Co. v. Clark (Ariz.) 71 Pac. 975. Where the interrogatories are not distinct in themselves, but are made plain by the manner in which the question is treated at the trial, the error, if any, in the form of the interrogatories is harmless. Easterly v. Eppelsheimer (Iowa) 34 N. W. 846.

We are clearly of the opinion that the interrogatories and verdicts rendered by the jury were decisive of all of the material questions of fact involved in the action between the plaintiff and the defendants as presented by the petition, answers, and cross-petitions, and, considered in the light of the evidence, are consistent with the facts as found by the jury. It is insisted that the evidence clearly showed that the plaintiff was entitled to judgment against the defendant Garner for the entire amount prayed for in his petition. But, in view of the fact that the jury determined by its verdict that the contract signed by Garner was in fact the contract of the plaintiff and defendant Lewis, it is obvious that the jury determined Lewis was the purchaser of the lumber and materials and owed the amount due for such materials, and credited the account of the plaintiff with the amount of damages found to be due Lewis upon his counterclaim against the plaintiff.

The most serious question presented by counsel for the plaintiff is whether a disclosed principal may be held liable upon a written contract made by the agent of such

principal in the agent's name. Many authorities are cited in support of the rule that "a disclosed principal is not liable to be sued nor entitled to sue upon a written contract made by his agent for such principal in his agent's name." Chandler v. Cole, 54 N. H. 561; Ford v. Williams, (62 U. S.), 21 How. 987, 68 L. Ed. 37. Upon examination these authorities supporting this rule appear to be based upon the principle that parol evidence is inadmissible to vary, contradict, or add to the terms of a written contract; but we believe that the better reasoned cases adhere to the rule that parol evidence is admissible for the purpose of showing that the contracting parties were agents for other persons and acted as such in executing the contract. Such evidence does not contradict the terms of the contract, but only goes to show that an undisclosed or disclosed principal is doing business under an assumed name or in the name of his agent as he has a right to do. 21 R. C. L. sec. 66, p. 893; Pleins v. Wachenheimer, 108 Minn. 342, 122 N. W. 166, 133 A. S R. 451; Karns v. Oley (Cal.) 22 Pac. 57, 13 Am. St. Rep. 101; Hartman v. Thompson, 104 Md. 389, 118 A. S. R. 422; Wm. Lindere Land Co. v. Levy (Minn.) 79 N. W. 314.

The Supreme Court of Minnesota in the last case cited, supra, overruled the former opinion of the court of Roswell v. Oleson, 32 Minn. 288, 20 N. W. 227. Mr. Justice Brown, in delivering the opinion of the court, approved the rule announced in Higgins v. Senior, 8 Mees. & W. 833, as follows:

"There is no doubt that when such an agreement is made, it is competent to show that one or both of the contracting parties were agents for other persons, and acted as such agents in making the contract, so as to give the benefit of the contract on one hand, and to charge with liability, on the other, the unnamed principals; and this whether the agreement be or not be required to be in writing by the statute of frauds, and this evidence in no way contradicts the written agreement. It does not deny that it is binding on those whom, on the face of it, it purports to bind, but shows that it also binds another, by reason of the act of the agent in signing the agreement in pursuance of his authority, and is in law the act of the principal."

"Parol evidence that an additional and unnamed party is also liable on the written instrument in no way alters, varies, or contradicts it. Such evidence is not admissible for the purpose of showing that the agent who has contracted in his own name is not liable. When admitted it simply establishes the liability of another unnamed party. 1 Am. & E. Ency. Law (2nd Ed.) 1139, 1140, and authorities cited."

In 21 R. C. L. sec. 66, supra, the rule is announced as follows:

"Contract Negotiated by Principal in Name of Agent. When a principal, for the purpose of transacting business, adopts an assumed name, or the name of another, or of his agent, he is bound by the contract made in that name. And so a person who enters into a contract with another and causes it to be reduced to writing in the name of his agent may be identified by parol evidence as the real party in interest and thus subjected to liability thereon. The principal has the right to do business in his own or in the name of his agent, as he may think proper and advisable, and parol evidence identifying him as the real party in interest violates to no greater extent the rule against varying written contracts by extrinsic evidence than by subjecting to liability an unknown and unnamed principal by similar means."

In Pleins v. Wachenheimer, supra, it was held:

"A person who enters into a contract with another and causes it to be reduced to writing in the name of his agent may be identified by parol evidence as the real party in interest, and thus subjected to liability thereon."

It is our conclusion, upon a careful consideration of the authorities, that when a person enters into a contract with another and causes it to be reduced to writing in the name of another person as his agent, at his instance and request and for his benefit, such person may be identified by parol evidence in an action involving the liability of the parties to the contract and subjected to the liability according to the terms of the contract. See Dexter Horton National Bank et al. v. Seattle Homeseekers' Co. (Wash.) 144 Pac. 691.

Counsel for the plaintiff insist that the subsequent conduct of Lewis in instituting an action against Garner and S. E. Hutchison was such as to conclusively establish the fact that he treated the contract as having been made with Garner instead of with the Hutchison Lumber Company. No pleading was filed raising the issue of election of remedies, and under the issues as made by the pleadings and the evidence introduced, it was a question for the jury as to whether Lewis, in entering into the contract, treated Garner as the agent of the lumber company.

Counsel for the plaintiff attempted to establish, by the testimony of S. E. Hutchison the fact that the Hutchison Lumber Company, under its articles of incorporation, was without authority to engage in the business of building houses. It is sufficient to

say with reference to this contention that no issue was made by the pleadings that the contract, as pleaded by the defendant Lewis in his cross-petition, was ultra vires, and, furthermore, the plaintiff corporation, having accepted payments made by the defendant Lewis for the materials furnished under the contract, is estopped from asserting the invalidity of the contract, if it be conceded that it was invalid.

Upon an examination of the whole record, it is our conclusion that the plaintiff had a fair and impartial trial, and any other errors, if there be any, were harmless, in that the plaintiff was not denied any constitutional or statutory right, and that the judgment must be affirmed. It is so ordered.

JOHNSON, C. J., and KANE, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.