# IRA R. JEFFRIES v. C. A. STROMME.[1]

## June 26, 1925.

## No. 24,717.

**Question for jury whether vendor's representations concerning land were fraudulent.**

1. Representations concerning land made by one who has never seen it and who so informs his purchaser, may yet be fraudulent if he goes so far as to vouch for their truthfulness. The question *held* to be for the jury where defendant "affirmed," on his own account, statements attributed to others and said that the purchaser "could take his word" for what was said.

**Charge on measure of damage erroneous.**

2. It was error, in the instructions concerning plaintiff's measure of damage, not to allow defendant any benefit for an undisputed and large credit which he had given plaintiff.

**Error to submit case on theory land was represented as worth $60 an acre.**

3. It was error also, there being no evidence of a representation of a higher value than $55 an acre, to submit the case to the jury on the assumption that there was evidence of a representation of a value of $60 an acre.

**Prairie land need not be level.**

4. A representation that land is all "prairie" is not equivalent of one that it is all level.

**Conversation admissible so far only as to show admission against interest.**

5. A conversation between the parties subsequent to the transaction *held* admissible only so far as it tended to show an admission against interest.

1. See Fraud, 26 C. J. p. 1109, § 39; 27 C. J. p. 75, § 210.
2. See Trial, 38 Cyc. p. 1632.
3. See Fraud, 27 C. J. p. 78, § 219; Trial, 38 Cyc. p. 1618.

[1]Reported in 204 N. W. 541.

4. See Fraud, 26 C. J. p. 1203, § 104 (Anno).

5. See Evidence, 22 C. J. p. 345, § 400.

---

1. See note in 37 L. R. A. 593, et seq.; 12 R. C. L. p. 384 et seq.; 2 R. C. L. Supp. p. 1422; 4 R. C. L. Supp. 756; 5 R. C. L. Supp. p. 642.

Action in the district court for Goodhue county. The case was tried before Johnson, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Reversed.

*Andrew Finstuen* and *Thomas Mohn*, for appellant.

*P. B. Green, F. M. Wilson, Hall & Sargent* and *Frank J. Wilkins*, for respondent.

STONE, J.

Action to recover for alleged fraud in the exchange of real estate. Verdict for plaintiff for $4,779 and defendant appeals from the order denying his motion for a new trial. Defendant sold plaintiff a 250-acre Goodhue county farm in January, 1919, at the peak prices then prevailing. The consideration was $46,250, a goodly portion of which remained on the land secured by mortgage. The load was too great for plaintiff and in March, 1921, after the sudden deflation of the land boom, he traded the farm back to defendant and in exchange took from the latter a conveyance of a half section in Saskatchewan. The alleged fraud consisted of false representations claimed to have been made by defendant concerning the Canadian land.

Plaintiff's story of fraud starts with an interview with defendant in the fall of 1919, wherein the latter told "how lucky he had been in a deal in Canadian land. He said he had gotten hold of land * * * quite a distance from the railroad and shortly after he got it the railroad had been built through * * * a shipping point was at the corner of this farm." That was some months before the exchange was made, but the testimony was properly ad-

mitted as preliminary to and in explanation of what followed. Going to the final negotiations, plaintiff testified that defendant said:

"I could surely take his word for what was up there. * * * It was all prairie land, free from brush and stone and lay adjoining the shipping point of Neilberg. * * * The adjoining half section had been sold * * * for $55.00 an acre. * * * I asked him if he was sure that that land was tillable. He said yes, he was. He told me he had never been in Canada himself, * * * but he had taken the statements of people he had known all his life and knew land as well as and better than he. He said they told him that there was no stone, brush or swamp on the land and he affirmed it. * * * He told me it was right across the road from a shipping station * * * a railroad run right by the southeast corner of his place and the station was directly across the road from this southeast corner."

Plaintiff subsequently went to Canada and found the land, so he testified, far below the standard set by defendant's representations. His testimony and that of defendant are so divergent as to suggest a possibility that they were not talking about the same tract. Defendant's particular insistence is that he emphasized to plaintiff that he had no personal knowledge of the land at the time of the trade and was simply communicating for what they might be worth, statements made by others.

1. Appellant maintains that, under the rule of Humphrey v. Merriam, 32 Minn. 197, 20 N. W. 138, he is entitled to judgment notwithstanding the verdict. That is on the theory, based upon his own testimony, that, having informed plaintiff that he had no personal knowledge of his Canadian land, "he honestly stated what he believed to be the facts, and did not misstate the source or extent of his information." Defendant was entitled to have his evidence submitted under that rule. But, on plaintiff's testimony, we are constrained to hold it a question for the jury whether defendant's representation, taken as a whole, makes a case of "positive assertion as of his own knowledge" that his statements were true. Ristvedt v. Watters, 146 Minn. 146, 178 N. W. 166. That question

answered in the affirmative by the jury would require a verdict for plaintiff. On a negative answer, defendant would prevail.

2. When defendant took back the Goodhue county land, the transaction was by a written contract under which plaintiff retained possession, as a tenant, to March 1, 1922. It reserved to defendant a cash rent of $2,250 upon which plaintiff was given credit, in the exchange and as of its date, for $1,425. It was the equivalent of so much money and plaintiff has had the benefit of it. Yet when it came to the measure of plaintiff's damage, if any, the jury was instructed that it was "the difference in the value of the plaintiff's Holden farm * * * at the time of the trade and the value of what he had received in the trade, namely the half section of land in Saskatchewan. That difference would be the measure of damages." At the close of the charge exception was taken "because it entirely eliminates the rental for which Mr. Jeffries was given credit." Both the error and the resulting prejudice are obvious.

3. As an element of fraud there was submitted to the jury "the question of whether or not the defendant stated and represented that the value of the half section in Canada was $60.00 per acre and that the other half section had been sold for $55.00 per acre." The reference to the $60 figure, or any representation of a *value* of more than $55, was erroneous because there was not a word of testimony indicating that defendant ever suggested to plaintiff a value of $60 an acre or one higher than $55, the latter referring to the supposed sale of an adjoining half section.

In this we do not overlook the evidence of a conversation wherein plaintiff is said to have put a price of $185 an acre on his farm and defendant to have replied: "You can figure it any way you like to, but if you ask $185.00 * * * I certainly wouldn't consider less than $60.00 on mine." That is far from a representation of value. It placed merely a trading price as a counter to a proposition by plaintiff. The complaint avers that defendant represented his Canadian land to be worth $60 an acre, but the testimony does not go that far and instructions must be within the limits set by the evidence.

4. There is no proof that defendant ever represented the land to be "level." The most he is charged with saying in that connection is that it was all "prairie" and tillable. Prairie land may be far from level and in the event of a new trial, although this detail is a minor one, the charge will, of course, keep within the testimony in this respect.

5. Error is assigned because of the striking out of a conversation between the parties long after the exchange and at a time when plaintiff was accused by defendant of "throwing slurs through the country that I beat [him] on this deal." To the extent that it indicated admissions against interest by defendant, the testimony was admissible and the statement of defendant stands that plaintiff, on the occasion in question, admitted that defendant had told him that he, defendant, "knew nothing about the Canada land" at the time of the exchange. The rest of the conversation was proper only so far as necessary to explain and apply the admission. Beyond that it was properly excluded, some of it possibly because it was self-serving.

Order reversed.