## JOHN A. SMOLA, JR., v. CITY OF WEST ST. PAUL AND ANOTHER.[1]

May 4, 1951.

No. 35,371.

*A. M. Joyce,* for appellant.
*Gerald E. Carlson,* for respondent.

MAGNEY, JUSTICE.

Appeal from an order sustaining a demurrer to a third amended complaint.

The complaint alleges that plaintiff is an owner in possession of a certain lot in West St. Paul; that defendants claim some right, title, interest, estate, and/or lien in the premises; and that defendants have no right, title, interest, estate, and/or lien in and to said premises. Plaintiff prays judgment that defendants and each of them have no right, title, interest, estate, and/or lien in said prem-

[1]Reported in 47 N. W. (2d) 789.

ises. If the above allegations were the only ones in the complaint there would be no difficulty. It would then be a simple complaint under M. S. A. 559.01 to determine adverse claims and as such demurrer-proof. But it further alleges that defendant city has filed a new profile and plan which has changed the grade and plan of the alley which passes through the rear of the lot and has impaired the marketability of the title to said property by recording instruments relative thereto, and which indicate the nature and extent of the threatened damage to said property. It further alleges that the city has threatened improvements of said alley which contemplate a cutting away of the lateral support of the rear end of said alley, which support is not only necessary to maintain the premises in place, but also to maintain the support for a building on the lot. It further alleges that no payment has been made or provided for the taking of the property. Finally, it alleges that plaintiff has received information that defendant city has entered into a contract with defendant M. E. Kraft to excavate in the alley, which excavation will result in great and irreparable damage to plaintiff and his property and the taking of his property "without due process of law." Plaintiff asks judgment enjoining defendants from proceeding with the proposed work upon the alley, together with damages. This last amended complaint was demurred to upon the ground that the facts stated do not constitute a cause of action.

This is the fourth demurrer to be sustained to complaints in this matter. Defendant city and the trial court practically admit that a cause of action to determine adverse claims has been adequately pleaded, but contend that the other specific allegations in the complaint offset the pleadings of such cause of action. Misjoinder of causes of action is not involved, as the demurrer which has been interposed is based on the ground that the facts stated do not constitute a cause of action.

An amended complaint completely supersedes the original complaint and for the purpose of determining a cause of action is to be construed as the only one interposed in the case. Hastay v. Bon-

ness, 84 Minn. 120, 86 N. W. 896; Loftus-Hubbard Elev. Co. v. Smith-Alvord Co. 90 Minn. 418, 97 N. W. 125; Pleins v. Wachenheimer, 108 Minn. 342, 122 N. W. 166; First State Bank v. C. E. Stevens Land Co. 119 Minn. 209, 137 N. W. 1101, 43 L. R. A. (N.S.) 1040; Blue Earth Valley Tel. Co. v. Commonwealth Utilities Co. 140 Minn. 198, 167 N. W. 554; see, also, 2 Pirsig's Dunnell, Minn. Pl. (3 ed.) § 1700.

In the Pleins case we said (108 Minn. 345, 122 N. W. 168):

"While plaintiff, in his amended complaint, apparently shifted his position as to the facts, * * * the amended pleading is the only one before us, and its sufficiency must be determined in the light of the facts therein set forth, without reference to the allegations of the original complaint. Hanscom v. Herrick, 21 Minn. 9."

Whatever may have been the allegations in the original and the first two amended complaints, which the court held insufficient to state a cause of action, the third amended complaint is the only one before us. Its sufficiency must be determined from its own allegations.

As already stated, the complaint before us is a sufficient pleading of a cause of action to determine adverse claims. The other allegations are not of such a character as to cancel it out. They are not inconsistent with the allegations setting up a cause of action to determine adverse claims and may be considered mere surplusage. Probably plaintiff is trying to say that the city brought proceedings in condemnation which for some unspecified reason are void. It is apparent that by the procedure he has adopted plaintiff is only postponing the day when he must face the real facts in the case and have the matter determined on its merits.

In a case such as this, where there have been three amendments to the original complaint and the case finally reaches us with a complaint which sets out an entirely new cause of action, it is apparent that there should be some remedy against the abuse of the right to amend. A motion to strike the amended complaint is such

a remedy. The first two amended complaints in this action added nothing material to the original complaint.

On at least two occasions this court has said that if a party to whose pleading a demurrer is sustained again proposes the same pleading, or one with additions which are clearly immaterial, and so makes improper and unfair use of the leave to amend, his amended pleadings, if the ends of justice be promoted thereby, may be stricken. Clark v. Wilder, 157 Minn. 449, 196 N. W. 563; Supornick v. National Council, 141 Minn. 306, 308, 170 N. W. 507, 508.

Even though in our opinion we are compelled to reverse the lower court, it is with a feeling of great reluctance that we do so.

Order reversed.